## YOUNG v. FURST & THOMAS.
### No. 13413.

Court of Civil Appeals of Texas. Dallas.
May 14, 1943.

Rehearing Denied June 4, 1943.

Ramey A. Smith, Dist. Atty., of Sulphur Springs, for appellant.

O. H. Woodrow, of Sherman, for appellee.

BOND, Chief Justice.

This is an appeal from an order of the trial court, overruling defendant's motion to strike plaintiff's controverting affidavit to his plea of privilege, and overruling defendant's plea of privilege to have venue of the cause transferred to the county of his residence. The plea of privilege is in statutory form, duly filed with the clerk of the court where the cause is pending, and, in the absence of proper controverting affidavit, prima facie sufficient to change venue of such cause to the county of defendant's residence.

Appearance day for the cause of action, as well as for the plea of privilege, was March 7, 1939. The controverting affidavit was not filed until March 22—fifteen days after appearance day for the filing of such plea. The belated filing of the affidavit was prefaced by plaintiff's motion to the effect that such delay was due to no negligence on the part of plaintiff or his attorney, but solely on account of the failure of the clerk of the court where the cause was pending, through oversight and inadvertence, to notify plaintiff's attorney of the filing of the plea of privilege. It was not urged in the court below, and not contended here, that defendant, his attorney, or the clerk agreed to advise plaintiff or his attorney of the filing of the plea of privilege, or that either misled or deceived plaintiff or his attorney, legally or ethically, in reference to the plea of privilege. The plea was forwarded by mail to the clerk, and, as usual and customary among lawyers, defendant's attorney wrote the clerk that he should call the attention of the county judge and the attorney to the filing, but in doing so he did not in any way attempt to direct the course of the clerk, or mislead plaintiff in the filing of the plea. The plea of privilege remained with the papers in the cause continuously from date of its filing; plaintiff's attorney made no inquiry in reference thereto, made no examination

of the court's docket, nor asked the clerk whether any such plea had been filed in the cause. On appearance day, on call of the case, plaintiff's attorney announced in open court that he would check into the case during the day and later advise the court as to his course. He had access to all papers, including the plea of privilege, and the only reason or excuse assigned for not discovering the plea was that he relied upon the custom of the clerk to advise him of the filing of such papers in all cases where he was attorney. We think it could hardly be said that in absence of duty legally imposed upon a clerk, his failure to advise a litigant or attorney of the filing in his office of a plea of privilege would give rise to the abrogation of the statute (Art. 2007, as amended, Vernon's Ann.Civ.St. art. 2007), providing: "If the plaintiff desires to controvert the plea of privilege, he shall within five days after appearance day file a controverting plea under oath, setting out specifically the fact or facts relied upon to confer venue of such cause on the court where the cause is pending."

■ It is a valuable right of a defendant to be sued in the county of his residence, and when a defendant, as here, has met all the requirements of law in filing his plea of privilege, he should not be arbitrarily deprived of that right or the law "frittered away" by trivial excuses. In Russell Grader Mfg. Co. v. McMillin, 271 S.W. 124, 125, this Court, speaking through Justice Looney, said: "It has been so often held by the courts of this state, as to be axiomatic, that the filing of a plea of privilege in compliance with the statute establishes prima facie the right to have the venue of the case changed, and, unless the plea of privilege is contested in the manner and within the time prescribed by statute, the only authority left with the court is to order the case transferred to the proper county." In Pelton v. Allen Inv. Co., 78 S.W.2d 272, 274, Justice Higgins of the El Paso Court of Civil Appeals tersely said: "To permit the delayed filing of an affidavit controverting a plea of privilege without good cause shown is arbitrary and in disregard of a statutory provision for the protection of defendants in their valuable right to be sued in the counties of their residence." In National Hotel Co. v. Gwaltney, 127 S.W.2d 365, 368, Chief Justice Johnson, of the Texarkana Court of Civil Appeals,

said: "The law imposed no duty on the clerk of the court or the opposing counsel to notify appellee or his attorney of the filing of the plea of privilege. It is the duty of the plaintiff's attorney to ascertain that fact, or exercise reasonable diligence to do so."

■ We are not unmindful of the fact that the failure to file the controverting plea within the time prescribed by statute does not in all cases deprive the trial court of jurisdiction of the subject-matter of venue and for "good cause" shown, the controverting plea may be permitted to be filed at a later date. This is the holding of our Supreme Court in Texas-Louisiana Power Co. v. Wells, 121 Tex. 397, 48 S.W. 2d 978, 979, an apt holding to meet an expedient exigency. In that case, there was more to impress good cause than the mere reliance on the clerk to notify the attorney of the filing of the plea of privilege. The attorney was not informed of the filing of the plea and did not know of it, although he did utmost to have the clerk notify him of the filing; at no time did he have possession of the papers, and when he called upon the clerk to ascertain if any papers were filed, was informed by the clerk that he did not remember the filing of a plea of privilege; and he and the clerk searched the record for such plea for "two hours or more, and were unable to find it." Indeed, good cause was shown in that case. Such facts are not present in the case here.

■ The attorney in the instant case had every opportunity to ascertain the filing of the plea of privilege; he never looked, made no inquiry, but relied exclusively on the clerk's generous promise to notify him in all cases in which he appeared as counsel, of the filing of papers by adverse counsel. Certainly he could not escape the legal implication of negligence for failure to ascertain the facts. Under such facts and circumstances as here revealed, "good cause" is not shown, hence, in absence of good cause, the trial court was not authorized to arbitrarily disregard the provisions of the statute, substitute his opinion, and allow the filing of the belated affidavit. The plea of privilege should have been sustained and venue of the cause transferred to Hopkins County, Texas, the defendant's residence. Accordingly, the judgment of the court below is reversed, the plea of privilege

sustained, and the cause of action transferred in accordance with the statutes (Arts. 2019, 2020; Rule 89, Rules of Civil Procedure) to the County Court of Hopkins County, Texas.

. Reversed and rendered with instructions.