**WYCHE et al. v. MOSS et al.**

No. 9986.

Court of Civil Appeals of Texas.
Austin.

Oct. 17, 1951.

Rehearing Denied Nov. 7, 1951.

———◇———

J. W. Wheeler, Austin, Upton, Upton, Baker & Griffis, Wm. A. Griffis, Jr., San Angelo, for appellants.

Thrasher & Blalock, Wm. Clarke Blalock, Austin, for appellees.

ARCHER, Chief Justice.

This is an appeal by appellants, who were defendants below, and residents of Tom Green County, Texas, now and at all times pertinent thereto, from an order of the trial court overruling their plea of privilege to be sued in the county of their residence. Plaintiffs below sued for specific performance of an alleged contract to purchase lands in Travis County, Texas, and in connection therewith to foreclose an alleged equitable purchase money lien seeking to sustain venue in Travis County under Section 12, Article 1995, of Vernon's Ann.Civil Statutes.

The appeal is based on seven points assigned as error by the trial court in overruling the Plea of Privilege.

Point No. One is that plaintiffs' pleadings are insufficient to state a cause of action against the defendants, and Point No. Two is that the pleadings showed on the face of same that the alleged contract had terminated by its own provisions and conditions, prior to the institution of the suit.

The suit is based on the theory that it was one for specific performance of a contract to purchase lands situated in Travis County and for foreclosure of an alleged equitable purchase money lien relying upon Section 12, Article 1995, V.A.C.S.

The contract provided in paragraphs two and three thereof:

"* * * and balance to be paid in the following manner: $42,500.00 by obtaining a loan in this amount and securing same by a first lien on the above described property. The balance of $5000.00 to be paid by executing a second lien for this amount in favor of L. L. Moss and wife, payable $75.-00 or more, including 5% interest, per month.

"This contract is contingent on purchaser being able to secure a first mortgage in the amount of $42,500.00 at an interest rate not to exceed 5%. Seller agrees to allow purchaser 30 days in which to obtain the above loan. If purchaser is unable to secure said loan within this 30 days period seller agrees to refund any and all money paid to him by purchaser, including the above $3000.00 and this contract becomes null and void."

The contention is made that there is no allegation in the petition that the loan was procured by appellants within the time specified, nor is there an allegation of a waiver of the condition on the part of the appellants, but that the petition exhibits that appellant availed himself of the termination of the contract by stopping payment of the $3,000 forfeit check when the same was presented for payment after the expiration of thirty days from the date of the contract. The appellants further say that the contract did not provide for appellees to negotiate the loan, and that the allegation that L. L. Moss notified H. W. Wyche that he would take the first mortgage of $42,500 at five per cent per annum, is insufficient to allege performance of the loan condition, without alleging the terms thereof or that the offer of plaintiff was satisfactory to defendants.

The petition made the contract a part thereof, which had the provisions which we have set out. The seller agreed to allow purchaser thirty days in which to obtain the loan, and further that if the purchaser was unable to secure said loan within this thirty-day period to refund any money paid to him by purchaser including the $3,000 check, and that the contract would become null and void.

The plaintiff did not seek specific performance of the contract, but prayed for

judgment against the defendants and for foreclosure of their implied vendor's lien.

The appellants in addition to the statutory plea, denied under oath that they had consummated a loan with plaintiff or anyone else, or that they owned the land, or that they had modified the contract.

The appellees contend that they alleged and proved all of the venue facts required of them under the statute by alleging and proving that the nature of the cause of action was a suit for specific performance of a written contract for sale of realty and for a money judgment, and for foreclosure of an equitable vendor's lien; that the real estate was situated in Travis County; that the executed contract of sale gave appellees a valid equitable vendor's lien on such real estate by operation of law; and further that the points on which appellants base their appeal are defensive matters which go to the merits of the case and should not be considered on venue hearing.

█ We do not believe that the pleadings are sufficient to state a cause of action against the defendant, and that the pleadings showed that the alleged contract had terminated by its own provisions prior to the institution of the suit.

In William R. Carmichael, Inc., v. Winkley, Tex.Civ.App., 234 S.W.2d 937, at page 938, it is stated: "We recognize the settled law that: 'Distinction should be noted at the outset between a trial upon a plea of privilege and a trial upon the merits of a case. The former is to determine whether the complaining defendant is suable on the transaction involved, where plaintiff filed the suit; the latter to determine defendant's liability on the transaction.' Farmers' Seed & Gin Co. v. Brooks, 125 Tex. 234, 81 S.W.2d 675, 677."

█ But the alleged contract on its face must show a completed agreement between the parties.

In Baker v. Fell, 135 Tex. 375, 144 S.W. 2d 255, 257 (Com.App.), the court stated: "Paragraph 1 of the contract, in plain and unambiguous language, provides that, in the event the contingency therein named, to wit, the approval by 'Federal Lending Agencies' within fifteen days of Fell's application for a loan of seventy-five per cent of the purchase price of the land, be not met, then the entire contract shall be null and void and of no binding force or effect upon either party. That contingency or condition was not met. The 'Federal Lending Agencies' declined to accept the application for that amount. The certain conclusion follows that the contract expired fifteen days after its execution and was no longer binding on either party thereto. It is not a question of forfeiture, cancellation or rescission. The contract simply never became a binding obligation to convey. It expired in virtue of its own provisions. 10 Tex.Jur., Contracts, sec. 197, and authorities there cited; 12 Am. Jur., Contracts, sec. 296."

In Brillhart v. Beever, 198 S.W. 973, 975, the Court of Civil Appeals at Amarillo, stated: "A contract which may be specifically enforced must show a concluded agreement. If it rests reasonably doubtful what passed was only treaty, however it may approach the confines of an agreement, the court ought not to specifically perform what is doubtful as an agreement."

See Texas Jurisprudence, Vol. 38, p. 767.

█ In Compton v. Elliott, Tex.Com. App., 88 S.W.2d 91, at page 93, the court stated: "It is well settled that 'with the venue challenged, under proper plea, by one sued without his county, * * * the burden not only to allege but to prove that the case is within one of the exceptions to the statute rests on the plaintiff.' "

We have reviewed the cases cited by appellees, and in Krueger v. W. K. Ewing, Tex.Civ.App., 139 S.W.2d 836, which appellees say is directly in point, but in that case there was no reservation or condition in the letters making up the contract, and the offer and acceptance were unqualified, and the defendant sought to avoid liability in the suit on the ground that the letters did not sufficiently describe the property.

The disposition we have made of the first two points renders unnecessary a further discussion and disposition of the remaining points.

240

The judgment of the trial court overruling appellants' Plea of Privilege is reversed and judgment is here rendered transferring the cause to one of the District Courts of Tom Green County.

Reversed and rendered.