**A. T. FARR, Jr., Appellant,**

v.

**M. S. WEEDEN, Appellee.**

No. 3521.

Court of Civil Appeals of Texas.

Waco.

Dec. 13, 1957.

Harry B. Friedman, Texarkana, for appellant.

Doss Hardin, Fort Worth, for appellee.

HALE, Justice.

This is a venue case. It grew out of a suit instituted by appellee against appellant on a promissory note payable in Ellis County. In due time, appellant filed his

plea of privilege in proper form to be sued in Bowie County. On July 22, 1957, a copy of the plea of privilege was delivered by registered mail to appellee's counsel. On August 3, 1957, appellee filed a controverting affidavit to the plea of privilege, together with a motion to extend the time for three days within which to file the controverting affidavit. Appellant filed his motion to strike the controverting affidavit from the record because it had not been filed within ten days after appellee's counsel had received a copy of the plea of privilege. Upon a hearing of the matters thus raised by the pleadings in the case, the court overruled appellant's plea of privilege, and hence this appeal.

Appellant says the court erred in overruling his plea of privilege because appellee failed to prove good cause for his failure to file a controverting affidavit to the plea of privilege within ten days, as required by Rule 86, Texas Rules of Civil Procedure. We sustain this contention.

■ Rule 86, T.R.C.P., provides for the filing and service of pleas of privilege and that the adverse party, if he wishes to controvert the plea of privilege, "shall within ten days after he or his attorney of record received the copy of the plea of privilege file a controverting plea under oath, setting out specifically the grounds relied upon to confer venue of such cause on the court where the cause is pending." When a controverting affidavit to a plea of privilege is not filed within ten days after the adverse party has received a copy of the plea of privilege, the trial court is required, under the law, to sustain the plea of privilege unless for good cause shown by pleading and proof, the court extends the time within which to file such controverting affidavit. Bell v. Jasper Lumber Corp., Tex.Civ.App., (er. dis.) 287 S.W.2d 746; John E. Quarles Co. v. Lee, Tex.Com.App., 58 S.W.2d 77; Bogle v. Landa, 127 Tex. 317, 94 S.W.2d 154; Calvert Fire Ins. Co. v. Carroll, Tex. Civ.App., 231 S.W.2d 490; Security State Bank of McCamey v. General Lloyd's Fire & Cas. Ins. Co., Tex.Civ.App., 256 S.W.2d 185; Young v. Furst & Thomas, Tex.Civ. App., 172 S.W.2d 359.

■ Although appellee alleged good cause for his failure to file a controverting affidavit within ten days from the time his attorney received a copy of the plea of privilege, he did not introduce any evidence showing or tending to show the existence of the facts relied upon to show good cause for his belated filing. As a matter of fact, no witness was placed on the witness stand on the hearing of the plea of privilege and the controverting affidavit. Appellee says his verified motion to extend the time for three days within which to file his controverting affidavit was sufficient to show the existence of good cause for his failure to comply with Rule 86, T.R.C.P. We cannot agree with this contention. As said in Wynn v. State, Tex.Civ.App., 295 S.W.2d 444, 448: "The pleadings can be examined for the purpose of determining the nature of the suit, but the allegations contained therein do not constitute any proof that venue facts exist. 43–B Tex.Jur. p. 374, Sec. 154; Compton v. Elliott, Tex. Com.App., Sec. B, 126 Tex. 232, 88 S.W.2d 91; Old Lincoln County Mutual Fire Ins. Co. v. Hall, Tex.Civ.App., 214 S.W.2d 203." See also Ward v. National Benevolent Society, Tex.Civ.App., 155 S.W.2d 994; Turner v. Garber, Tex.Civ.App., 232 S.W.2d 173.

■ Appellant also contends that the court below erred in overruling his plea of privilege because appellee failed to prove the execution of the note which is the basis of his suit. We sustain this contention. In order to hold venue in Ellis County, it was necessary for appellee to prove the execution of the note sued upon, and this he wholly failed to do. Lopez v. Cantu, Tex.Civ.App., 130 S.W.2d 345; Pool v. Sanders, Tex.Civ.App., 241 S.W.2d 739; Crim v. Logan, Tex.Civ.App., 277 S.W.2d 298.

Accordingly, the judgment appealed from is reversed. It appears, however, that the

issues were not fully developed, and for this reason, as well as from a consideration of the record as a whole, we feel that the ends of justice will be better subserved if the cause is remanded and the parties given an opportunity to amend if they so desire, and to re-try the issues on their merits under properly drawn pleadings. See Crim v. Logan, supra; Buchanan v. Jean, 141 Tex. 401, 172 S.W.2d 688.

Reversed and remanded.