**J. W. DURRETT, d/b/a Tyler Service Parts Company, Appellant,**

**v.**

**ARCTIC AIR, INC., Appellee.**

No. 13296.

Court of Civil Appeals of Texas.

Houston.

Jan. 15, 1959.

Ben Goodwin and Bill B. Lambert, Tyler, for appellant.

Lamar Palmer, Houston, for appellee.

WOODRUFF, Justice.

Appellee, Arctic Air, Inc., a corporation, on October 21, 1957, filed suit in the District Court of Harris County, Texas, against J. W. Durrett d/b/a Tyler Service Parts Company, a resident of Smith County, Texas. Appellee sought a recovery of the sum of $500, the amount of a check given by its employee to appellant and also $3,000 alleged to be the reasonable value of ten air conditioners which appellee alleged appellant procured by making certain false and fraudulent representations to appellee's employee.

On November 15, 1957, appellant seasonably filed a plea of privilege asserting his right to be sued in Smith County, the county of his residence. Due notice of its filing was given to appellee's counsel on November 15, 1957. Such plea was in all material respects regular in form, substance and due order of pleading except that in paragraph IV thereof and immediately preceding the prayer appeared the following clause:

"This defendant denies each and every, all and singular, the allegations in plaintiff's petition contained."

Twenty-eight days thereafter, on December 13, 1957, appellant filed his motion to transfer the cause on the plea of privilege and three days later, on December 16, 1957, appellee filed a controverting plea. This was 31 days after the plea of privilege had been filed. On January 20, 1958, appellant filed his motion to strike the controverting plea and moved the court to transfer said cause to Smith County because the controverting plea had not been filed within the

ten-day period as required by Rule 86, Texas Rules of Civil Procedure. On February 14, 1958, and before any ruling had been made by the Trial Court, appellant filed a motion to amend his plea of privilege by omitting paragraph IV as quoted above.

Thereafter on February 24, 1958, the Trial Court overruled appellant's motion to strike the appellee's controverting plea and to transfer said cause. By a second order of the same date the Trial Court overruled appellant's motion filed February 14, 1958, seeking leave to amend the plea of privilege by omitting paragraph IV, as above stated, and thereafter on the same date the Trial Court after "having heard and considered such Plea of Privilege and the Controverting Plea thereto, and the argument of counsel thereon", as stated in the order, overruled appellant's plea of privilege, no evidence having been offered on the hearing. The last order was signed by the Trial Court and entered March 13, 1958. From these orders appellant has duly perfected his appeal.

By his first and second Points appellant contends the trial court erred in overruling his motion to transfer the case on his plea of privilege because in the absence of a controverting plea having been filed within the ten-day period following the filing of the plea of privilege and giving notice thereof that court lost jurisdiction to enter any order other than one transferring the cause to the county of his residence, and further it was error for the Trial Court to consider a controverting plea after the expiration of such ten-day period.

■ The law is settled that where a defendant has filed a plea of privilege to be sued in the county of his residence and gives notice thereof in accordance with the provisions of Rule 86, T.R.C.P., and the plaintiff fails to controvert such plea within ten days thereafter, the Trial Court possesses no jurisdiction over said cause other than the authority to enter an order transferring the case to the county of defend-

ant's residence, as set forth in the plea of privilege. Bell v. Jasper Lumber Corp., Tex.Civ.App., 287 S.W.2d 746, writ dism.; John E. Quarles Co. v. Lee, Tex.Com.App., 58 S.W.2d 77; Bogle v. Landa, 127 Tex. 317, 94 S.W.2d 154; Security State Bank of McCamey v. General Lloyd's Fire & Cas. Co., Tex.Civ.App., 256 S.W.2d 185.

■ Appellee in its first and second counter-points in effect contends that this rule necessarily contemplates a valid plea of privilege and that the presence of the general denial as set forth in paragraph IV of the plea was an answer to the merits and thus constituted a waiver of the plea of privilege. In support of this contention appellee relies on the sole case of Sims v. Callihan, Tex.Civ.App., 39 S.W.2d 153 and 40 S.W.2d 869. That case simply held that where a case is transferred by agreement of the parties from the court of one county to that of another with the express stipulation that it was to be without prejudice to the plea of privilege pending in such cause, there was no implied waiver of the plea of privilege.

We have been cited to no case which decides this specific question. However, we are of the opinion that it cannot be said that a denial incorporated in a plea of privilege is necessarily a plea to the merits. As shown by appellant's answer which was filed subject to the plea of privilege, appellant filed a general denial in his answer on the merits. Moreover, there are instances in which denials are required in a plea of privilege in order to place the burden of proving certain facts upon the plaintiff and in the absence thereof such facts will be taken as admitted by the defendant. Such was the observation of our Supreme Court in Ladner v. Reliance Corporation, Tex., 293 S.W.2d 758, 763 wherein it was said:

"There are some situations in which the plaintiff is not required to prove all of his essential venue facts by independent evidence. Under our statutes and rules certain facts will be

taken as admitted unless the defendant puts the same in issue by a verified pleading, and the plea of privilege does not constitute a verified denial of any allegation of plaintiff's petition required to be denied under oath unless specifically alleged in such plea. See Rules 86 and 93, Texas Rules of Civil Procedure. When a venue fact is one which can be put in issue only by a verified pleading and the defendant does not interpose such a plea, the plaintiff is not required to prove the same."

The fundamental question here raised, we believe, has also been decided in Palmer v. Cheyne, Tex.Civ.App., 261 S.W.2d 373. There the defendant filed a plea of privilege in which a general denial was incorporated. However, the Trial Court, some three weeks later and after the plaintiff had filed his controverting affidavit, granted the defendant leave to file an amended plea of privilege omitting the general denial. Upon a hearing the plea of privilege was sustained and the plaintiff on appeal contended that the defendant by the original plea had put in issue all allegations in his petition and thus the defendant had waived his plea of privilege. In affirming the action of the Trial Court, the Texarkana Court of Civil Appeals said:

"The only issue before us is whether the filing of the original plea of privilege which included paragraph 6 (general denial) was such an answer to the merits as would preclude the appellees from insisting on their plea of privilege, or would constitute a waiver of their plea. In our opinion, under the circumstances present here, it did not constitute a waiver of the plea of privilege."

We are of the opinion and so hold that the general denial appearing in the paragraph immediately before the prayer in the plea of privilege did not constitute an answer to the merits and thus it did not waive the plea of privilege.

Appellee by a counter-point asserts that the plea of privilege was not in proper form because affidavit made in support thereof was insufficient and fatally defective.

The jurat read as follows:

"State of Texas
"County of Smith

"Before Me, the undersigned Notary Public, on this day personally appeared J. W. Durrett, who, on oath states:

"I am J. W. Durrett, dba Tyler Service Parts Company, defendant in the above numbered and entitled cause, and the foregoing plea and every statement, allegation and denial thereof are true and correct.
"/s/ J. W. Durrett
"J. W. Durrett

"Sworn To and Subscribed before me, the undersigned Notary Public, by the said J. W. Durrett on this the 14th day of November, 1957, to certify which witness my hand and seal of office.
"/s/ Bess Cash
"Notary Public
In and For Smith
"(Seal)         County, Texas"

This contention, in our opinion, warrants no extended discussion. Affidavits in practically identical form have been held to be sufficient in a number of cases. Montgomery v. Gibbens, Tex.Civ.App., 245 S. W.2d 311; Evans v. Jeffrey, Tex.Civ.App., 181 S.W.2d 709; Maucini v. Haymes, Tex. Civ.App., 231 S.W.2d 757.

Having concluded that appellant's plea of privilege did not constitute an answer to the merits and was sufficient in all other respects and it appearing that no controverting affidavit was filed within ten days thereafter, the Trial Court erred in refusing to enter an order transferring this cause to the 114th Judicial District Court of Smith County, Texas.

940

The judgment of the Trial Court is therefore reversed and the Trial Court is instructed to enter the order of transfer in conformity with this opinion.

Reversed with instructions.