**SOUTHERN INSURANCE COMPANY et al.,
Appellants,**

**v.**

**John F. ROGERS, Appellee.**

No. 13700.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 4, 1961.

Locke, Purnell, Boren, Laney & Neeley, John D. Crawford, Dallas, for appellants.

Walter G. Weaver, Donna, for appellee.

BARROW, Justice.

This is a venue case. The parties will be designated as in the trial court. Plaintiff, John F. Rogers, filed suit on December 5, 1959, against defendants, Southern Insurance Company and Allied Finance Company. On December 31, 1959, and prior to the return day, defendants filed their pleas of privilege and served copies of such pleas on counsel for plaintiff. No controverting pleas were filed within the ten-day period following December 31, 1959. On January 23, 1960, plaintiff filed controverting pleas, but did not present them to the court for notation of a setting thereon. The controverting plea to the plea of privilege of Allied Finance contained the notation:

"I hereby certify that a copy of the above and foregoing Controverting Plea or Affidavit has been mailed by certified mail as of the 22nd day of January, A.D. 1960, and that the hearing on said Plea of Privilege will be on February 3, 1960.

/s/ Walter G. Weaver
Attorney for Plaintiff"

The controverting plea to the plea of privilege of Southern Insurance Company contained the same notation, except that it was set for February 2, 1960. No motion to permit such late filing was filed.

On May 25, 1960, the matter came on for hearing, at which time plaintiff's counsel dictated in open court a motion to permit such late filing, which motion was reduced to writing and filed on June 1, 1960. The motion was not sworn to and no evidence was offered in support thereof. The motion reads as follows:

"Now comes the Plaintiff in the above numbered and styled cause and moves the Court to allow the filing of controverting affidavits of Plaintiff filed herein on January 23, 1960, upon the following grounds and for the following reasons:

"That appearance day in this case was the first Monday in January, being January 4, and Plaintiff's counsel set the hearing on the motion to quash and on the plea of privilege for January 15, 1960, and notified Defendant's attorney of said setting by letter dated January 8, 1960, in which letter it is stated 'I intended to let you know about it, but I have been sick and in bed.'

"That Plaintiff's counsel received a telephone call from the secretary of counsel, J. L. Shook, several days after notifying them of the setting, to the effect that Mr. Shook would not be able to be present in court on that date.

"That on or about January 11 or January 12, Plaintiff's counsel was again confined to bed at his home for several days, probably four or five days, and the ten days expired during which the controverting affidavit should have been filed, and Plaintiff's counsel having no attorney helping him was unable to prepare and file the same.

"That realizing he was already late, he got it filed as soon as he could, but did not run the Plaintiff down to sign the same but left word for him to come in and sign it.

"Wherefore, Plaintiff prays the Court to allow the controverting affidavit to be filed.

> John F. Rogers
> By: /s/ Walter G. Weaver
>    Attorney at Law
>    Donna, Texas
>    Attorney for Plaintiff"

The trial court granted the plaintiff's motion and proceeded to hear the pleas of privilege. After such hearing the court overruled the pleas of privilege of both defendants.

■ It is apparent from the motion that plaintiff failed to show good cause, in that it shows that plaintiff's counsel was able to attend to business at least on January 4, 8 and 9, which dates were within the ten-day period. It also fails to show good reason why the motion for an enlargement of time within which to file the controverting plea could not have been filed within the ten-day period following December 31, 1959, as required by Rule 5, Texas Rules of Civil Procedure. It is also apparent that plaintiff's counsel was under the impression that he had ten days after appearance day in which to file his controverting pleas, making January 14, 1960, the last day, and was not aware that Rule 86, T.R.C.P., had been amended and requires filing within ten days after receipt of notice of the filing of the plea of privilege. The trial court erred in permitting such late filing.

■ Defendants having filed their pleas of privilege, and plaintiff having failed to timely file his controverting pleas, and having failed to show good cause for such failure, the trial court had no authority to enter any order except to transfer the cause to the proper county. Durrett v. Arctic Air, Inc., Tex.Civ.App., 319 S.W.2d 937; Security State Bank of McCamey v. General Lloyd's Fire & Cas. Ins. Co., Tex. Civ.App., 256 S.W.2d 185; Calvert Fire Ins. Co. v. Carroll, Tex.Civ.App., 231 S.W.

2d 490; Randell v. Randell, Tex.Civ.App., 222 S.W.2d 252.

The judgment of the trial court is reversed and judgment here rendered ordering the transfer of said cause as to both defendants to the District Court of Dallas County as is provided by Rule 89, T.R.C.P.