OLYMPIC INSURANCE COMPANY,
Appellant,

v.

Mike CHORGAS, Appellee.

No. 13739.

Court of Civil Appeals of Texas.

San Antonio.

April 19, 1961.

Gerald D. Becker, Eagle Pass, J. Alex Blakeley, Rae Ann Fichtner, Dallas, for appellant.

David E. Hume, Eagle Pass, for appellee.

MURRAY, Chief Justice.

This suit was instituted in the County Court of Maverick County, Texas, on August 31, 1959, by Mike Chorgas against Olympic Insurance Company, a corporation with its principal office at 621 South Hope Street, Los Angeles 17, California, and with an office and agency in Dallas, Dallas County, Texas, seeking to recover on a Storekeepers Burglary and Robbery Insurance policy. On September 25, 1959, defendant filed its plea of privilege seeking the transfer of this cause to Dallas County, the alleged place of its residence. No controverting plea was filed until October 9, 1959, which, under the provisions of Rule 86, Texas Rules of Civil Procedure, was four days late. The controverting plea was filed without leave of the court having first been obtained. No motion for an enlargement of time within which to file this controverting plea was filed until March 16, 1960. On June 17, 1960, the trial court overruled defendant's plea of privilege, finding in its order that "good cause" had been shown for the tardy filing of plaintiff's controverting plea, but not expressly passing upon his motion for an enlargement of time. From this judgment Olympic Insurance Company has prosecuted this appeal.

It is apparent that appellee did not file his controverting plea until October 9, 1959, some fourteen days after appellant had filed its plea of privilege, and some fourteen days after appellee had been served with a copy of appellant's plea of privilege, and filed it without leave of the court first had and obtained. The filing of this plea by the clerk on October 9, 1959, under the circumstances, was a nullity and of no effect. Rule 86, T.R.C.P.;

Smith v. Isaac, Tex.Civ.App., 326 S.W.2d 922. Appellee did not file his motion for an enlargement of time within which to file such controverting plea until March 16, 1960, some five months after the plea of privilege had been filed. Rule 86, T.R.C.P., among other things, provides as follows:

"If such adverse party desires to controvert the plea of privilege, he shall within ten days after he or his attorney of record received the copy of the plea of privilege file a controverting plea under oath, setting out specifically the grounds relied upon to confer venue of such cause on the court where the cause is pending."

Rule 5, T.R.C.P., reads in part as follows:

"When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may, at any time in its discretion (a) with or without motion or notice, order the period enlarged if application therefor is made before the expiration of the period originally prescribed or as extended by a previous order; or (b) upon motion permit the act to be done after the expiration of the specified period where *good cause* is shown for the failure to act; * * *." (Emphasis added.)

■■ Appellee did not apply for an enlargement of time for filing his controverting plea within the ten days allowed by Rule 86, supra, therefore appellee was required to file a motion showing "good cause" for his failure to act. Some five months after his time had expired, appellee did file a motion seeking an enlargement of time for the filing of his controverting plea, but he failed to show "good cause" for his failure to act within the time provided by Rule 86, supra.

In his motion for an enlargement of time, appellee set out the following as constituting "good cause" for his failure to act, to-wit:

"While Rule 86 requires the filing of a controverting plea within ten days of the receipt by plaintiff or his attorney of record of the plea of privilege, yet, such time may be extended for good cause in the discretion of the court.

"Rule 87 provides that upon the filing of such controverting plea the judge shall note upon same the time for hearing. Upon October 5 and theretofore, plaintiff diligently sought the judge so as to secure the note relative to hearing, but was unable to locate him until October 9, 1960, when the plea was filed and the note of date of hearing was attached. Immediately thereafter, defendant was furnished with a copy of said controverting plea, in due course. The case has not yet been set for trial. Defendant has not been injured nor inconvenienced."

Rule 87, T.R.C.P., does not provide that the judge or justice of the peace shall note on a controverting plea the time for a hearing before it is filed, but, on the contrary, provides that upon the filing of such controverting plea, the judge or justice of the peace shall note on same a time for a hearing. The fact that the trial judge could not be located to note the time of hearing on the controverting plea before it was filed is no reason at all for the delay, and certainly is not "good cause" as that term is understood, for appellee's failure to timely act. Southern Insurance Company v. Rogers, Tex. Civ.App., 342 S.W.2d 135.

Even if appellee's controverting plea could be regarded as timely filed, appellee failed to offer any evidence in support of that plea, which it was his duty to do. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91; Hollis v. Boone, Tex.Civ.App., 315 S.W.2d 350.

The trial court erred in overruling and not sustaining appellant's plea of privilege.

Accordingly, the order of the trial court will be reversed and judgment here rendered sustaining appellant's plea of privilege, and ordering this cause transferred to the County Court of Dallas County, Texas, in keeping with the provisions of Rule 89, T.R.C.P. Southern Insurance Company v. Rogers, supra.

Reversed and rendered.