**BEARD DRILLING COMPANY, Inc., et al., Appellants,**

v.

**J. M. WILSON, Appellee.**

No. 3631.

Court of Civil Appeals of Texas.

Eastland.

May 26, 1961.

Rehearing Denied June 16, 1961.

Bradford F. Miller, San Antonio, for appellants.

Lewright, Dyer & Redford, Corpus Christi, for appellee.

COLLINGS, Justice.

This is an appeal from an order overruling a plea of privilege. J. M. Wilson brought suit in the District Court of Live Oak County against Beard Drilling Company, Inc., Ralph Evans, Frank Kallina and C. B. Morrison. Plaintiff sought to terminate an oil and gas lease and to recover damages. The defendants each timely filed a plea of privilege to be sued in the county of such defendant's residence. Controverting affidavits were not filed by plaintiff within the time specified by the Texas Rules of Civil Procedure, but were filed on March 11, 1959, which was 32 days after plaintiff's receipt of a copy of the pleas of privilege. The court, upon motion of the plaintiff, considered the controverting affidavits as if they had been timely filed, holding that good cause existed for plaintiff's failure to timely file same, although no evidence was offered bearing upon the matter.

It was stipulated that the land involved was located in Live Oak County. No evidence was offered by plaintiff except the testimony of defendants' counsel to the effect that at the time the pleas of privilege were filed he was familiar with the contents of plaintiff's petition, which stated a cause of action for recovery of land alleged to be in Live Oak County, and for damages thereto, and that he knew the land involved was located in said Live Oak County. The pleas of privilege were overruled and defendants have appealed.

■ Rule 86, Vernon's Texas Rules of Civil Procedure, provides concerning the filing of a controverting affidavit that:

"* * * if such adverse party desires to controvert the plea of privilege, he shall within ten days after he or his attorney of record received the copy of the plea of privilege file a controverting plea under oath, setting out specifically the grounds relied upon to confer venue of such cause on the court where the cause is pending."

We cannot agree with appellee's contention that the court was entitled to overrule the pleas of privilege because they were falsely sworn, and therefore insufficient to raise a venue question. Rule 86, supra, provides in addition to what is above set out that a "plea of privilege when filed shall be prima facie proof of the defendant's right to a change of venue." The pleas of privilege were in proper form. Appellee does not contend that they are insufficient on their face to entitle appel-

lants to a change of venue. The complaint which appellee makes of the pleas is, in effect, that they falsely allege that the land involved is not located in Live Oak County, and that appellants and their attorney knew the true facts when the pleas of privilege were filed. The question of whether the land was located in Live Oak County involved a venue fact to be determined on a hearing on the plea of privilege. The burden was on appellee as plaintiff to establish such fact, first by the allegations in his controverting affidavit and then by evidence upon the hearing. Pool v. Sanders, Tex.Civ.App., 241 S.W.2d 739; Wyche v. Moss, Tex. Civ.App., 243 S.W.2d 237. The controverting affidavit which the court permitted appellee to file alleged the existence of such venue fact, but appellee failed to timely file such controverting affidavit or to show good cause for the delayed filing.

Showing of good cause for the tardy filing of the controverting affidavits would have empowered the court in its discretion to allow the late filing and to consider the pleas of privilege and controverting affidavits on their merits. Texas-Louisiana Power Company v. Wells, 121 Tex. 397, 48 S.W.2d 978. Appellee, however, offered no evidence concerning the matter and there is nothing in the record upon which to base a finding of good cause for the late filing. There was, therefore, no pleading by appellee before the trial court upon which to base a hearing on the pleas of privilege.

Contrary to appellee's contention there was no waiver by appellants of the late filing. Appellants duly excepted to the action of the court in allowing the late filing and in overruling the pleas of privilege.

Under such circumstances the court was without jurisdiction to enter any order other than one transferring the cause to the proper court. Bogle v. Landa, Tex.Com. App., 127 Tex. 317, 94 S.W.2d 154;

Quarles Company v. Lee, Tex.Com.App., 58 S.W.2d 77; Bell v. Jasper Lumber Corporation, Tex.Civ.App., 287 S.W.2d 746; Farr v. Weeden, Tex.Civ.App., 308 S.W.2d 74; Durrett v. Artic Air, Inc., Tex.Civ.App., 319 S.W.2d 937.

For the reasons stated, the trial court erred in finding that good cause existed for appellee's late filing of the controverting affidavits, in allowing them to be so filed, and in overruling the pleas of privilege. The judgment is therefore reversed and remanded to the trial court with instructions to enter the order of transfer in conformity with this opinion.