Glennie Gorton BAKER, Appellant,

v.

JOHNSON & CAMPBELL MOTOR COMPANY, Appellee.

No. 14555.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 15, 1967.

Glennie Gorton Baker, San Antonio, for appellant.

Patrick D. Burke, C. G. House, House, Mercer, House & Brock, San Antonio, for appellee.

BARROW, Chief Justice.

This is a venue action. Appellant, Glennie Gorton Baker, appeals from an order sustaining the plea of privilege of appellee, Johnson & Campbell Motor Company, to be sued in Webb County, the county of its residence. No controverting affidavit was filed by appellant.

On February 23, 1965, appellant filed suit in the 131st Judicial District Court of Bexar County, seeking damages from General Motors Corporation, Superior Pontiac Company, and appellee. On March 12, 1965, appellee filed a plea of privilege in the form and manner required by Rule 86, Texas Rules of Civil Procedure. There is no certificate of service, however the record reflects without contradiction that a copy of this plea of privilege was duly received by appellant's attorneys of record. On August 17, 1966, an order was signed sustaining the plea of privilege because it had not been controverted as required by law.

Appellant urges that the plea was erroneously sustained in that she was not given a copy of the plea of privilege after her attorneys of record withdrew from the case on October 22, 1965. Although appellant is a member of the Texas Bar, she was represented in this action by other attorneys. She concedes that, until they with-

drew, her attorneys' knowledge of the plea was imputed to her.

The trial court did not err in sustaining this plea of privilege where no controverting affidavit was timely filed and good cause was not shown for failure to so file same. Rogers v. Barbee, Tex.Civ.App., 359 S.W.2d 101, no writ; Southern Ins. Co. v. Rogers, Tex.Civ.App., 342 S.W.2d 135, no writ; Farr v. Weeden, Tex.Civ. App., 308 S.W.2d 74, no writ; Bell v. Jasper Lumber Corp., Tex.Civ.App., 287 S.W.2d 746, writ dism'd. Here appellant has not asserted any cause for not controverting the plea of privilege during the six months before her attorneys withdrew. Nor has she asserted good cause for not thereafter controverting same, although she admits in her brief that she had notice of the plea of privilege several months before the order sustaining same was actually signed.

The order sustaining the plea of privilege is affirmed.