**R. H. BOND et al., Appellants,**

v.

**C. Russell LEWIS, Appellee.**

**No. 5253.**

Court of Civil Appeals of Texas, Waco.

May 31, 1973.

Dean Carlton, Dallas, Reynolds, White, Allen & Cook (Michael K. Swan, Houston), for appellants.

Passman, Jones, Andrews, Coplin, Holley & Company (Gerald R. Coplin, Dallas), for appellee.

## OPINION

JAMES, Justice.

This is a venue case. The trial court overruled the pleas of privilege of three Defendants, from which order these Defendants appeal. We reverse and render the cause and order same as to these Defendants transferred to Harris County, Texas.

This is a companion case to Bond et al. v. Ace Furnace and Metal Works, decided by us this date. See 496 S.W.2d 179.

Plaintiff-Appellee C. Russell Lewis, on November 30, 1971, filed this suit in a District Court of Dallas County, Texas, against one R. H. Bond, "The Red Baron Club", a Texas corporation, and "Red Baron Club of Dallas, Inc." a Texas corporation, and two other individual Defendants for debt, foreclosure of certain statutory mechanics liens, and attorney's fees.

On January 7, 1972, the Defendants Bond and the two Red Baron corporations filed pleas of privilege requesting to be sued in Harris County, Texas, the alleged legal residences of these three Defendants. At the end of each plea of privilege it is shown that a copy of such plea was mailed by certified mail, return receipt requested, to Plaintiff-Appellee's attorney on January 6, 1972, the day before the filing of each such plea.

On March 31, 1972, Plaintiff-Appellee Lewis filed controverting affidavits to the pleas of privilege of these three Defendants. This was eighty-four (84) days after the filing of the pleas of privilege.

On April 19, 1972, the three above-named Defendant-Appellants filed a "Motion to Strike" the controverting pleas, asserting in effect that Plaintiff-Appellee's attorney received copies of the Pleas of Privilege on January 7, 1972, and having waited until March 31, 1972 to file his controverting pleas, that such filings were too late.

Plaintiff-Appellee Lewis filed his sworn "Response to Motion to Strike Controverting Pleas" on October 12, 1972. In paragraph I thereof he alleged that on January 13, 1972, the attorneys for Lewis and the three Defendants had agreed to a "moratorium" on filing papers in the cause until at least February 1, 1972, in order to try to work out a settlement. Then in paragraph II of the "Response" pleading, Plaintiff moved the court for an extension of time under Rule 5, Texas Rules of Civil Procedure, to permit late filing of his controverting pleas, admitting that his time had theretofore expired under Rule 86 for timely filing of his controverting pleas before he had filed them.

The record before us does not show any action on the part of the trial court with respect to this "Motion to Strike" the controverting affidavits and the "Response" thereto; however, it is recited in Appellants' "Supplemental and Amended Brief" that the trial court overruled such motion in October 1972. In oral argument, in response to questioning from the bench, counsel for Appellants stated that the trial court never did hear any evidence on the "Motion to Strike" and "Response" motions, and never did enter any order with reference thereto.

It is not material to a disposition of this cause to detail any further pleadings filed by Plaintiff-Appellee in the cause. Suffice it to say that on February 7, 1973, the trial court after hearing entered an order overruling the pleas of privilege of these three Defendants, from which order these Defendants appeal.

Defendant-Appellants assert seven points of error in their original brief, none of which specifically complain of the late filing of Plaintiff-Appellee's controverting affidavits; however, in the argument portion of Defendant-Appellants' original brief this error is asserted. Then after Plaintiff-Appellee's brief was filed, Defendant-Appellants filed a second brief styled, "Supplemental and Amended Brief

for Appellants" in which two additional points of error (Points Eight and Nine) are urged, which do attack this problem of the late filing of the controverting affidavits. Point Eight asserts the trial court erred in overruling the "Motion to Strike" (the controverting affidavits) since there was no order entered to extend the time for filing the Controverting Pleas. Point Nine complains the court erred in overruling the "Motion to Strike" because there was no evidence introduced to excuse the late filings. We sustain these points and reverse the trial court's judgment and order the cause transferred to Harris County, Texas, insofar as these three above-named Defendant-Appellants are concerned.

The disposition of this cause is governed by Rule 86 and Rule 5, Texas Rules of Civil Procedure.

The pertinent portions of Rule 86 read:

"When a plea of privilege is filed in accordance with this rule, it shall be prima facie proof of the defendant's right to change of venue; . . ." In this connection, it has been held that a statutory plea of privilege is more than a pleading, since it is prima facie proof of the defendant's right to have venue changed from the county in which suit was filed to the county named in the plea of privilege. Tempelmeyer v. Blackburn (Comm.App.1943) 141 Tex. 600, 175 S.W.2d 222, opinion adopted by the Supreme Court.

The other pertinent portion of Rule 86 reads:

"If such adverse party desires to controvert the plea of privilege, he shall within ten days after he or his attorney of record received the copy of the plea of privilege file a controverting plea under oath, setting out specifically the grounds relied upon to confer venue of such cause on the court where the cause is pending."

Since Plaintiff-Appellee waited eighty-four days after the Pleas of Privilege were filed before filing his Controverting Pleas (about seventy-four days longer than the deadline contemplated by Rule 86), the provisions of Rule 5 (dealing with enlargement of time) come into play.

The pertinent portion of Rule 5 reads:

"When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may, at any time in its discretion (a) with or without motion or notice, order the period enlarged if application therefore is made before the expiration of the period originally prescribed or as extended by a previous order; or (b) upon motion permit the act to be done after the expiration of the specified period where good cause is shown for the failure to act; . . ."

In the case at bar, Plaintiff-Appellee never made application for enlargement of time within the ten day period (contemplated by Rule 86), nor did the trial court order any enlargement of time within the ten day period; therefore subdivision (a) of Rule 5 as above-quoted does not apply.

The situation we have in the case at bar is a motion for enlargement of time which is filed *after* the expiration of the ten day deadline contemplated by Rule 86, T.R.C.P. This is the type motion envisioned by part (b) of Rule 5, T.R.C.P., and requires the Plaintiff here not only to *plead* good cause for late filing, but also to *prove* good cause, by the presentation of evidence.

In the instant cause, Plaintiff Lewis in his "Response to Motion to Strike Controverting Pleas" did make in paragraph II thereof what could be construed as a motion for enlargement of time (filed after the deadline had expired) undertaking to *allege* good cause for late filing. However, Plaintiff also had the burden of offering evidence to *prove* good cause, which he failed to do. The record is silent concerning any *proof* showing good cause

**184**

for the late filings of the controverting pleas. Under this state of the record, the filing of the controverting pleas on March 31, 1972, was a nullity. Rule 86, T.R.C.P.; Olympic Insurance Company v. Chorgas (San Antonio, Civ.App.1961) 345 S.W.2d 545, no writ history.

Prior to the adoption of the Texas Rules of Civil Procedure, it had been held that where the plaintiff failed to file controverting affidavits to defendants' pleas of privilege within the time prescribed by law (then Article 2007, Revised Civil Statutes of Texas), the court was without jurisdiction to take any action other than to transfer the suit to the proper county. John E. Quarles Co. v. Lee (Comm.App.1933) 58 S.W.2d 77, opinion adopted by the Supreme Court; Bogle v. Landa (Comm. App.1936) 127 Tex. 317, 94 S.W.2d 154, opinion adopted by the Supreme Court.

Now, since the Texas Rules of Civil Procedure have been in effect, and particularly in the light of Rule 5 as it bears upon Rule 86, the rule of law governing the case at bar has been enunciated by this court in Farr v. Weeden (Waco Civ.App.1957) 308 S.W.2d 74, no writ history, as follows: When a controverting affidavit to a plea of privilege is not filed within ten days after the adverse party has received a copy of the plea of privilege, the trial court is required to sustain the plea of privilege unless for good cause shown by *pleading* and *proof*, the court extends the time within which to file such controverting affidavit. (emphasis supplied). In *Farr,* the plaintiff was late in filing his controverting affidavit within ten days; however, he did file a Motion after the ten day period *alleging* good cause but offered no evidence to *prove* good cause. It was there held that the mere allegation of good cause was not enough, but plaintiff was required to offer evidence to prove good cause.

■ In the case at bar, the trial court was without authority to do anything but sustain the pleas of privilege and order the cause transferred to Harris County, inso-

far as these Defendant-Appellants are concerned. Poston Feed Mill Co. v. Leyva (Houston 14th Civ.App.1969) 438 S.W.2d 366, error dismissed; 1 McDonald, Texas Civil Practice, Sec. 4.48. Also see Terrell v. Vandergriff (Amarillo Civ.App.1961) 351 S.W.2d 910, no writ history; Southern Insurance Company v. Rogers (San Antonio Civ.App.1961) 342 S.W.2d 135, no writ history; Cowan v. State of Texas (Austin Civ.App.1962) 356 S.W.2d 170, error dismissed; Beard Drilling Company v. Wilson (Eastland Civ.App.1961) 348 S.W.2d 252, error dismissed. The trial court's overruling of the pleas of privilege was error. Judgment of the trial court is accordingly reversed and rendered to the effect that the cause is transferred to Harris County, Texas, insofar as the three Defendant-Appellants are concerned.

Reversed and rendered.