**R. H. BOND et al., Appellants,**

v.

**ACE FURNACE AND METAL WORKS,**
**Appellee.**

**No. 5258.**

Court of Civil Appeals of Texas,
Waco.

May 31, 1973.

Rehearing Denied June 14, 1973.

Reynolds, White, Allen & Cook (Michael K. Swan), Houston, Dean Carlton, Dallas, for appellants.

Freedman, Day & Ivy, Dallas, for appellee.

VIC HALL, Justice.

Defendants-appellants, R. H. Bond, The Red Baron Club, and Red Baron Club Of Dallas, Inc., appeal from an order overruling their pleas of privilege to be sued in Harris County, the county of their residences.

This is a companion case to R. H. Bond, et al. v. C. Russell Lewis decided by this Court this date. See 496 S.W.2d 181.

Plaintiff-appellee, Ace Furnace And Metal Works, brought this suit in Dallas County against Jack L. Coke and Robert C. Coke, Independent Executors of the Estate of Rosser J. Coke, Deceased, and C. Russell Lewis, John K. Pearcy, and the appellants.

Trial was to the court without a jury. Findings of fact and conclusions of law were neither requested nor filed.

Plaintiff pleaded an action against Lewis on a verified account for labor and materials furnished. Insofar as the other defendants are concerned, plaintiff's pleadings, in full, are as follows:

"Plaintiff is informed and believes that Defendants, R. H. Bond and John K. Pearcy, were the owners of certain real property situated in Dallas County, Texas, from May 13, 1971, through June 30, 1971, which real property is described as follows:

Lot 1 of City Block 68 according to the official map of the City of Dallas, Dallas County, Texas.

Plaintiff is further informed and believes that Defendants, Red Baron Club Of Dallas, Inc., and The Red Baron Club are lessees of said property under a lease agreement with said Defendants, R. H. Bond and John K. Pearcy.

"Plaintiff is further informed and believes that Defendants, Jack L. Coke and Robert C. Coke, Independent Executors of the Estate of Rosser J. Coke, deceased, are the present owners of said property, having acquired said property on July 30, 1971, from Defendants, R. H. Bond and John K. Pearcy. Plaintiff would show the Court that Defendants, Jack L. Coke and Robert C. Coke, Independent Executors of the Estate of Rosser J. Coke, Deceased, knew or should have known that labor was performed and materials furnished for the improvement of said property and in the remodeling of said property within 90 days of the date of the purchase of said property by them.

"Within the time required by law, Plaintiff filed with the County Clerk of Dallas County, Texas, a Mechanic and Materialmen's Lien on November 12, 1971, and * * * fixed and established its statutory and constitutional lien on the real property described above * * *."

Plaintiff prayed for "judgment against Defendants, jointly and severally, for its debt * * * and for judgment for foreclosure of its Mechanic's Lien on said land and premises * * *."

We find no dispute in the facts. Bond contracted with Lewis for the reconstruction by Lewis of improvements on a lot in the City of Dallas which would house one of Bond's enterprises known as The Red Baron Club Of Dallas, Inc. Lewis contracted with plaintiff for the installation of air-conditioning and heating equipment in the new building. From May through August, 1971, plaintiff furnished materials and labor totaling $4,337 in value. Plaintiff has made demand on Lewis for payment of his account, but without success. Lewis and the two Cokes are residents of Dallas County.

The defendants Bond and Pearcy owned the lot upon which the club was constructed, from January 13, 1971, until July 30, 1971. On the latter date they conveyed the lot to the defendants Jack L. Coke and Robert C. Coke, Independent Executors of the Estate of Rosser J. Coke, deceased.

Plaintiff asserts that Subds. 4[1] and 12[2] of Article 1995, Vernon's Ann.Tex.Civ.St., permit venue in the county of suit.

To obtain the benefits of subd. 4 of the venue statute, a plaintiff must (1) plead and prove that one defendant resides in the county of suit; and (2) allege in his petition a joint cause of action against the resident and nonresident defendants, or a cause of action against the resident defendant so intimately connected with the cause of action alleged against the nonresident defendant that the two may be joined

1. Defendants in different counties.—If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides.

2. Lien.—A suit for the foreclosure of a mortgage or other lien may be brought in the county where the property or any part thereof subject to such lien is situated.

under the rule intended to avoid a multiplicity of suits; and (3) prove the cause of action pleaded against the resident defendant. Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, 1302 (1936).

█ Subd. 4 will not support the court's order overruling the pleas of privilege for the reason that plaintiff failed to allege any cause of action against appellants.

█ There is no pleading or proof that appellants make any claim to the property that is adverse to plaintiff's lien and foreclosure rights and remedies. Thus, plaintiff has failed to establish that appellants are necessary parties to its foreclosure suit. Plaintiff's reliance upon subd. 12 of the venue statute is therefore misplaced.

Appellants' points and contentions are sustained. The order overruling appellants' pleas of privilege is reversed and judgment is rendered transferring this case, insofar as it relates to appellants, to the District Court of Harris County, Texas.

Reversed and rendered.