**LPG, INC., Appellant,**

v.

**DEVELOPMENT ASSOCIATES, INC., Appellee.**

**No. 6337.**

Court of Civil Appeals of Texas, El Paso.

July 18, 1973.

Jack K. Currey, Abilene, Grambling, Mounce, Deffebach, Sims, Hardie & Galatzan, William B. Hardie, El Paso, for appellant.

Diamond, Rash, Leslie & Schwartz, Inc., Alan V. Rash, El Paso, for appellee.

OPINION

WARD, Justice.

This is a venue case where the Appellant's plea of privilege was overruled by the trial Court. The complaint made on the appeal is that though the Plaintiff failed to file its controverting affidavit in due time, it was permitted to file the controverting affidavit upon the presentation

of a sworn motion requesting an extension of time for the filing of the affidavit but with no testimony being offered showing good cause for the late filing. The judgment is reversed and the cause is ordered transferred.

Development Associates, Inc. filed its suit on sworn account and attorneys' fees against LPG Inc., a Texas corporation, in a District Court of El Paso County. LPG Inc. filed its plea of privilege on December 14, 1972, requesting that the cause of action be transferred to Taylor County, the alleged legal residence of the Defendant corporation. The attorneys for the Appellee received a copy of the plea of privilege on December 14, 1972. Some 24 days later, on January 8, 1973, the Plaintiff then filed its Motion for Extension of Time to File Controverting Plea to Defendant's Plea of Privilege, and on the same day without notice to Appellant or its attorneys presented the motion to the trial Court. The trial Court on that date granted the motion for extension of time though no testimony was presented in support of the motion, and thereupon the Appellee filed its Controverting Plea to Defendant's Plea of Privilege.

Upon the filing of the controverting plea, the Court entered its order setting a hearing on the plea of privilege for March 9, 1973. On the latter date, the Appellant filed its motion to strike the controverting plea, which on that date was overruled. The Court proceeded to hear the evidence on the issue of the plea of privilege at the conclusion of which the plea was overruled.

■ The strict requirements of Rule 5(b), Texas Rules of Civil Procedure as discussed in the opinion of Bond v. Lewis, 496 S.W.2d 181, 183, Tex.Civ.App.—Waco, 1973, control the present case. The facts are similar, and the Waco Court stated:

"The situation we have in the case at bar is a motion for enlargement of time which is filed after the expiration of the ten day deadline contemplated by Rule 86, T.R.C.P. This is the type motion envisioned by part (b) of Rule 5, T.R.C.P., and requires the Plaintiff here not only to plead good cause for late filing, but also to prove good cause, by the presentation of evidence.

"* * * The record is silent concerning any proof showing good cause for the late filings of the controverting pleas. Under this state of the record, the filing of the controverting pleas on March 31, 1972, was a nullity. Rule 86, T.R.C.P.; Olympic Insurance Company v. Chorgas (San Antonio Civ.App.1961) 345 S.W.(2d) 545, no writ history.

"* * *

"Now, since the Texas Rules of Civil Procedure have been in effect, and particularly in the light of Rule 5 as it bears upon Rule 86, the rule of law governing the case at bar has been enunciated by this court in Farr v. Weeden (Waco Civ.App.1957) 308 S.W.(2d) 74, no writ history, as follows: When a controverting affidavit to a plea of privilege is not filed within ten days after the adverse party has received a copy of the plea of privilege, the trial court is required to sustain the plea of privilege unless for good cause shown by pleading and proof, the court extends the time within which to file such controverting affidavit. . . . In Farr, the plaintiff was late in filing his controverting affidavit within ten days; however, he did file a Motion after the ten day period alleging good cause but offered no evidence to prove good cause. It was there held that the mere allegation of good cause was not enough, but plaintiff was required to offer evidence to prove good cause.

"In the case at bar, the trial court was without authority to do anything but sustain the pleas of privilege and order the cause transferred . . ."

**738** ■ 

Poston Feed Mill Company v. Leyva, 438 S.W.2d 366 (Tex.Civ.App.—Houston (14th Dist.) 1969, writ dism'd); 1 McDonald, Texas Civil Practice, Sec. 4.48; Terrell v. Vandergriff, 351 S.W.2d 910 (Tex.Civ. App.—Amarillo 1961, no writ); Southern Insurance Company v. Rogers, 342 S.W.2d 135 (Tex.Civ.App.—San Antonio 1961, no writ); Cowan v. State, 356 S.W.2d 170 (Tex.Civ.App.—Austin 1962, writ dism'd); Beard Drilling Company v. Wilson, 348 S. W.2d 252 (Tex.Civ.App.—Eastland 1961, writ dism'd).

■ In addition, we are of the opinion that the motion for the extension to file the controverting plea failed to show good cause. It stated that the execution of the affidavit by an appropriate officer of the corporation could not be obtained due to the inability to locate any of them as they were scattered in various locations. It then stated that "the attorney of record, being himself fully aware of all of the facts and circumstances involved and able to make an Affidavit thereof, will sign as agent for such corporation" to the controverting affidavit. Both the affidavit to the motion for extension to file the controverting plea and the affidavit to the controverting plea were then signed by the attorney of record. Where the attorney as agent was apparently available to execute the affidavit at any time, good cause was not shown. It also failed to show good reason why the motion for an enlargement of time within which to file the controverting plea could not have been filed within the ten day period following December 14, 1972, as required by Rule 5. Southern Insurance Company v. Rogers, supra. There is no need for a remand to further develop the facts.

Error being shown in overruling the plea of privilege, the judgment of the trial Court is reversed and rendered to the effect that the cause is transferred to the District Court of Taylor County.