**BUDDIES SUPER MARKETS, INC.,**
Appellant,

v.

**Edward J. METCALF et ux., Appellees.**

No. 12173.

Court of Civil Appeals of Texas, Austin.

Nov. 6, 1974.

Gerald R. Ratliff, Hardeman, Kever, Ratliff & Fohn, San Angelo, for appellant.

Richard J. Clarkson, Warren Burnett Associated, Odessa, for appellees.

PHILLIPS, Chief Justice.

Appellees brought a suit for negligence against appellant in the district court of McCulloch County. In response thereto, appellant filed its plea of privilege maintaining that venue lay in Tarrant County, the residence of the appellant. On hearing, the court denied the plea. We reverse this judgment and order the suit transferred to Tarrant County.

Appellant urges the error of the trial court in overruling its plea of privilege inasmuch as appellees did not file any controverting plea within the ten-day period provided by Rule 86, Tex.Rules of Civil Procedure. We sustain this point.

Appellees filed suit against appellant on November 29, 1972, in the district court of McCulloch County basing their cause of action on the alleged negligence of appellant in maintaining its store in Brady, Texas. On December 14, 1972, appellant filed its plea of privilege with the clerk of the court and sent a copy by ordinary mail to counsel for appellees. Although appellees contend that they did not receive service of the plea of privilege in the manner prescribed by Rule 86, Tex.R. Civ.P., which specifies personal delivery or registered mail return receipt requested, they do not contend that they failed to receive the copy within sufficient time to comply with the time limit for filing a controverting plea as provided by this same rule. However, no controverting plea was filed within the specified time. We believe that fair notice is the essential element required by this rule, and hold that service of the plea of privilege by ordinary mail was sufficient. Terry v. Guthrie, 300 S. W.2d 217 (Tex.Civ.App.1957, no writ).

Upon appellees' failure to timely file their controverting affidavit, appellant requested the court to transfer the case to Tarrant County. The court denied this request. Appellees then filed their controverting plea on February 9, 1973, some fifty-five days after the plea of privilege was filed. Upon hearing on the plea of privilege, appellees introduced no evidence to show good cause for their failure to timely file the controverting plea.

At this hearing, the facts, as stated above, were brought to the attention of the trial court; nevertheless, the Court denied the plea after hearing evidence on the negligence portion thereof.

Rule 86, Tex.R.Civ.P., requires the showing of good cause for failure to timely file the controverting affidavit to a plea of privilege. The burden of proof in such a case is upon the party controverting the plea. Since appellees made no attempt to show good cause for their failure to con-

trovert appellant's plea in the case at bar, appellant's plea of privilege should have been sustained. Poston Feed Mill Company v. Leyva, 438 S.W.2d 366 (Tex.Civ. App.1969, writ dism'd); Bond v. Lewis, 496 S.W.2d 181 (Tex.Civ.App.1973, no writ).

The judgment of the trial court is reversed and the cause is remanded to the trial court with instructions to enter the order of transfer to Tarrant County, Texas, in conformity with this opinion.

Reversed and remanded with instructions.