Jim T. LINDSEY, Appellant,

v.

O. D. CHANSLOR, Appellee.

No. 5582.

Court of Civil Appeals of Texas, Waco.

June 24, 1976.

Hewett, Johnson, Swanson & Barbee, Gaynell C. Methvin, Dallas, for appellant.

McMullen & Snyder, Richard F. McMullen, Waylon McMullen, Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal from an order granting appellee Chanslor's motion for late filing of controverting affidavit, and overruling appellant Lindsey's plea of privilege.

Appellee sued appellant for alleged breach of a purported contract, and in the alternative, for damages for alleged false representations.

Lindsey on August 22, 1975, filed his plea of privilege to be sued in Bowie County, the county of his residence. On September 11, 1975, Chanslor filed a motion requesting late filing of controverting affidavit, and on the same date tendered controverting affidavit.

No counter affidavit was filed by Lindsey, and no motion to strike was filed by Lindsey.

On November 14, 1975, hearing was had and the trial court entered its order granting appellee's motion for late filing of his controverting plea, and overruled appellant's plea of privilege.

Appellant appeals on 2 points:

1) Appellee did not have good cause for his failure to timely file his controverting affidavit, and the trial court was without authority to do anything but sustain appellant's plea of privilege.

2) The trial court erred in overruling appellant's plea of privilege.

Rule 86 TRCP provides: " * * *. When a plea of privilege is filed in accordance with this rule, it shall be prima facie proof of the defendant's right to change of venue; * * *. If such adverse party desires to controvert the plea of privilege, he shall within ten days after he or his attorney of record received the copy of the plea of privilege, file a controverting plea under oath, setting out specifically the grounds relied upon to confer venue of such cause on the court where the cause is pending."

Rule 5 TRCP provides: "When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may, at any time in its discretion * * * (b) upon motion permit the act to be done after the expiration of the specified period where good cause is shown for the failure to act * *."

Appellee filed its motion for late filing of controverting plea to appellant's plea of privilege some 20 days after appellant's plea of privilege was filed, and was admittedly tardy by some 10 days.

At the hearing appellee offered no proof or evidence whatsoever in support of his motion.

When a controverting affidavit to a plea of privilege is not filed within 10 days after the adverse party has received a copy of the plea of privilege, the trial court is required to sustain the plea of privilege, unless for good cause shown by *pleading* and *proof*, the court extends the time within which to file the controverting affidavit. *Bond v. Lewis*, Tex.Civ.App. (Waco) NWH, 496 S.W.2d 181; *Farr v. Weeden*, Tex.Civ. App. (Waco) NWH, 308 S.W.2d 74; *Buddies Super Markets, Inc., v. Metcalf*, Tex.Civ. App. (Austin) NWH, 515 S.W.2d 927; *LPG, Inc., v. Development Associates, Inc.*, Tex. Civ.App. (El Paso) NWH, 498 S.W.2d 736.

As noted here appellee offered no proof.

Appellant's points are sustained.

The judgment is reversed and judgment here rendered transferring the cause to the District Court of Bowie County.

REVERSED AND RENDERED.