**POSTON FEED MILL COMPANY et al.,**
**Appellants,**

v.

**Angel LEYVA, Jr., et al., Appellees.**

**No. 197.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Feb. 5, 1969.

Rehearing Denied March 5, 1969.

Rufus Wallingford, Sam H. Hood, Jr., Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, for appellants.

V. M. Toomey, Jr., Toomey & Toomey, George D. Neal, Houston, for appellees.

SAM D. JOHNSON, Justice.

This is an appeal from an order of the trial court overruling appellants' plea of privilege. The suit was a personal injury action arising from an automobile accident which occurred on March 25, 1967, in Harris County, Texas.

Appellees filed their original petition on April 28, 1967, naming as defendants the appellants, Richard Austin Bates and Poston Feed Mill Company.

On June 1, 1967, the defendants timely filed their pleas of privilege and answer subject thereto, seeking to have the cause transferred to the county of their residence, Erath County. On June 14, 1967, the trial court entered an order sustaining the pleas of privilege of defendants in that plaintiffs failed to controvert the pleas within the 10-day time limit. By order duly signed and entered, the cause was ordered transferred to Erath County. No controverting plea was on file at the time of the entry of this order.

On June 15, 1967, the day after the foregoing order was signed and entered, the plaintiffs filed a motion to extend the time for filing a controverting plea. This motion made no mention of the order of the

previous day, and no request was made to set the same aside.

Four days later, on June 19, 1967, the trial court entered a second order which was duly excepted to by the defendants. It recited, "On this the 19th day of June, A. D. 1967, came on to be heard the Motion of Plaintiff to be granted an extension of time to file a controverting affidavit of ten (10) days from June 14th, 1967, upon the showing of good cause. It is therefore, ORDERED that such Motion be GRANTED." After this order was signed by the trial court, but on the same day, plaintiffs' controverting plea was filed. The trial court's order of time extension of June 19, 1967, made no attempt to set aside its first order of June 14, 1967. The court's first order sustaining defendants' plea of privilege is nowhere mentioned in plaintiffs' motion for extension of time or in the court's second order granting such time extension.

Over a year later, on September 5, 1968, the trial court entered a third order which overruled defendants' plea of privilege.

Appellants' first contention is that the trial court was without jurisdiction to enter its September 5, 1968 (third) order as the court's first order of June 14, 1967, sustaining defendants' pleas of privilege had become final on July 14, 1967, or thirty days after it was signed and entered. Appellees' position on the other hand, is that the court's subsequent order granting an extension of time to file a controverting affidavit vacated and set aside the court's first order sustaining defendants' plea of privilege.

If the trial court's first order of July 14, 1967 was vacated or set aside by the granting of the extension of time to file a controverting affidavit, such action occurred *by implication alone,* as there is no subsequent reference to it in any order of the court, in any motion of the plaintiff, or anywhere in the record. The question is then brought in focus: When a trial court enters an order granting a plea of privilege and subsequently grants an order

which does nothing more than extend the time for filing a controverting plea, does such subsequent action by implication set aside and vacate the previous order?

■ It is clear that a trial court may, within thirty days after the entry of an order or judgment, vacate, set aside, amend or modify such order of judgment. Murphy v. Brown, 131 Tex. 121, 113 S.W.2d 1212 (1938). Unless such order is vacated, set aside, modified or amended within thirty days after its rendition, it becomes final and the trial court loses jurisdiction to set the same aside. Rule 329b, Texas Rules of Civil Procedure; Williams v. Pitts, 151 Tex. 408, 251 S.W.2d 148 (1952); Wichita Falls & S. R. Co. v. McDonald, 141 Tex. 555, 174 S.W.2d 951 (1943). During the time in which a court may vacate, set aside, modify or amend its previous order, such action must, to be effective, be by written order that is express and specific.

In Burleson v. Moffett, Tex.Civ.App., 3 S.W.2d 544, no writ hist., the trial court entered an order sustaining the defendants' plea of privilege. Two days later the court entered a notation on the court's docket sheet that its prior order was set aside. Subsequently, a hearing was held, the plea of privilege was then overruled, and the defendant appealed from the latter order. It was there held that the trial court's docket entry was not sufficient to set aside the first judgment. The court stated, "Since a final order sustaining the pleas of privilege was entered at the February term, which has never been set aside, it is elementary that the court had no jurisdiction to enter an order overruling the pleas of privilege at a later term."

In Sherstad v. Brown, Tex.Civ.App., 257 S.W.2d 454, (writ ref., n.r.e.), the trial court entered a final judgment on April 23, 1952. Thereafter, on May 2, 1952, the judge of the trial court made the following handwritten entry on the face of the judgment: "The next above date is suspended pending a hearing on the 9th day of May, 1952, of a request to correct judgment." It was there held that the trial judge's nota-

tion did not constitute a setting aside of the judgment. The court said, "We cannot give to the notation placed on the judgment by the trial court the effect of setting aside the judgment. It merely states that the above date, that is April 23, 1952, is suspended. *It does not say that the judgment is set aside or even suspended.*" (Emphasis added).

Here, as in Sherstad v. Brown, supra, the trial court's second order "does not say that the judgment is set aside or even suspended." Here there is no subsequent reference of any nature to the first order of the court in which the plea of privilege was sustained. Of necessity, a court must speak through its written orders. Where it has so spoken only a clear and unequivocal written order or expression by that court will vacate, set aside, modify or amend its first order. Any other rule would be the parent of uncertainty for the orders of any court.

■ We are of the opinion that the trial court's first order of June 14, 1967 was not affected by the court's second order which merely extended the time for filing a controverting plea and which made no reference of any nature to the first order. This being true the court's first order became final after thirty days, or on July 14, 1967. All proceedings subsequent to that date were null and void.

Absent the foregoing consideration, appellants' second point of error must be sustained and impels the same determination of this case. Appellants' second point contends that the trial court erred in granting appellees' motion for extension of time because no evidence was heard on said motion, and its sole support was in the sworn pleadings of counsel and an unsworn letter of a doctor.

■ Had the grounds stated in appellees' motion been established by extraneous evidence there is no question but that they would have been considered to be sufficient. It does not appear, nor does the record anywhere indicate, that any proof was presented, however. "The mere allegation in a verified motion of facts adequate to establish good cause for an extension of time to file the controverting affidavit is not sufficient, and such facts *must be established by extrinsic evidence.*" (Emphasis added). 1 McDonald, Tex.Civ. Prac., Sec. 4.48.

In Farr v. Weeden, Tex.Civ.App., 308 S.W.2d 74, no writ hist., the plaintiff failed to file a controverting affidavit in due time, but did file a sworn motion requesting an extension of time to do so. The plaintiff's motion contained a showing of good cause and was sworn to by the plaintiff's attorney. No testimony on good cause was received, however. Under these circumstances, the trial court granted the plaintiff's motion and permitted the controverting plea to be filed. "Although appellee alleged good cause for his failure to file a controverting affidavit within ten days from the time his attorney received a copy of the plea of privilege, he did not introduce any evidence showing or tending to show the existence of the facts relied upon to show good cause for his belated filing." The obligation of introducing such evidence is clearly on the plaintiff. See Beard Drilling Co. v. Wilson, Tex. Civ.App., 348 S.W.2d 252, writ dismd.

■ We have carefully examined the instant record and find no indication that any proof of good cause was offered or received. Under such circumstances the trial court was without jurisdiction to enter any order other than one transferring the cause to the proper court.

With the determination here required we do not reach appellants' remaining points of error.

We are of the opinion that this judgment must therefore be reversed and remanded to the trial court with instructions to enter the order of transfer to Erath County, Texas, in conformity with this opinion.

Reversed and remanded.