Affirmed and Memorandum Opinion filed October 26, 2004









Affirmed and Memorandum Opinion filed October 26,
2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00017-CV

____________

 

NICHOLAS DEWHITE
BROOKS,
Appellant

 

V.

 

HARRIS COUNTY DISTRICT ATTORNEY=S OFFICE AND TOMMY B. THOMAS,
SHERIFF OF HARRIS COUNTY, TEXAS, Appellees

 



 

On Appeal from the 151st
District Court

Harris County, Texas

Trial Court Cause No. 03-06160

 



 

M E M O R A N D U M   O P I N I O N

This is an appeal from an order denying
expunction of appellant=s criminal records.  Appellant seeks expunction of these records
pursuant to Texas Code of Criminal Procedure article 55.01.  Tex.
Code Crim. Proc. Ann. art. 55.01 (Vernon Supp. 2004). In two points of
error, appellant argues the trial court erred in (1) denying his petition for
expunction, and (2) setting aside an earlier order granting expunction.  We affirm.

                                                              








FACTUAL AND PROCEDURAL BACKGROUND

On December 12, 1989, appellant was
arrested for burglary of a habitation. 
Appellant entered a plea of guilty to the charge and was sentenced to
eight years= probation and a $400.00 fine.  In April 1992, the criminal district court
signed an order providing that the probationary period be terminated, appellant
be allowed to withdraw his plea of guilty, the indictment be dismissed, and the
judgment of conviction be set aside for the 1989 offense. 

On April 6, 1993, a second felony
complaint was filed against appellant for burglary of a habitation.  The indictment in this second cause was
dismissed June 29, 1993.

In February 2003, appellant filed a
petition for expunction seeking expungement of the arrest records and files
related to his 1989 and 1993 arrests for burglary of a habitation.  The Harris County District Attorney=s Office and the
Sheriff of Harris County filed general denials in response.  A hearing was held on July 14, 2003, at which
only appellant and his counsel appeared,[1]
and the trial court signed an order that same day granting the petition for
expunction.  This order was rescinded on
August 12, 2003.  A second hearing was
held October 20, 2003, and the Harris County District Attorney=s Office appeared
at this hearing.  On November 25, 2003,
the trial court denied appellant=s petition for
expunction.  Appellant filed a request
for findings of fact and conclusions of law, and the trial court denied the
request.

                       DISCUSSION

Point of Error One: Denial of Motion for Expunction 

In his first point of error, appellant
contends the trial court erred in denying his motion for expunction of his
criminal records.  He claims that he
satisfied the requirements of article 55.01(a)(2). See Tex. Code Crim. Proc. Ann. art.
55.01(a)(2).








We review a trial court=s ruling on a
petition for expunction for abuse of discretion.  Heine v. Texas Dept. of Public Safety,
92 S.W.3d 642, 646 (Tex. App.CAustin 2002, pet.
filed); Ex Parte Guajardo, 70 S.W.3d 202, 204 (Tex. App.CSan Antonio 2001,
no pet.).  Under article 55.01(a)(2), to
be entitled to expunction of criminal charges the party seeking expunction must
show:

(A)     an indictment
or information charging the person with commission of a felony has not been
presented against the person for an offense arising out of the transaction for
which the person was arrested or, if an indictment or information charging the
person with commission of a felony was presented, the indictment or information
has been dismissed or quashed, and:

 

(i)      the
limitations period expired before the date on which a petition for expunction
was filed under Article 55.02;  or

 

(ii)      the court
finds that the indictment or information was dismissed or quashed because the
presentment had been made because of mistake, false information, or other
similar reason indicating absence of probable cause at the time of the
dismissal to believe the person committed the offense or because it was void;

 

(B)     the person has
been released and the charge, if any, has not resulted in a final conviction
and is no longer pending and there was no court ordered community supervision
under Article 42.12 for any offense other than a Class C misdemeanor;  and

 

(C)     the person has not been convicted of a
felony in the five years preceding the date of the arrest.

Tex. Code Crim. Proc. Ann. art.
55.01(a)(2).  Expunction is available
only when all of the statutory conditions of the article have been met, and the
burden of proof to establish that each of these conditions is satisfied is on
the petitioner.  Harris County Dist.
Attorney v. Lacafta, 965 S.W.2d 568, 569 (Tex. App.CHouston [14th
Dist.] 1997, no pet.); see Guajardo, 70 S.W.3d at 206 (stating
allegations in a petition are not evidence, and the petitioner must prove
compliance with the statutory conditions). 
Article 55.01 requires strict compliance with the conditions imposed by
the statute.  Houston Police Dept. v.
Berkowitz, 








95 S.W.3d 457, 460 (Tex. App.CHouston [1st
Dist.] 2002, pet. denied).  

We first analyze whether the trial court=s denial of
appellant=s request for expunction of the 1989
arrest was an abuse of discretion. 
Appellant concedes that he was placed on probation for the 1989 arrest,
but he argues that the order setting aside the conviction and dismissing the
indictment somehow made it so A[t]he 1989
probation never happened.@ 
However, the case appellant cites in support of this contention, Harris
County Dist. Attorney=s Office v. D.W.B., 860 S.W.2d 719
(Tex. App.CHouston [1st Dist.] 1993, no writ), is
distinguishable from this case because in D.W.B., the defendant was
granted habeas corpus relief that included the grant of a new trial, restoring
the case to its position before the former trial.  860 S.W.2d at 722.  Unlike D.W.B., a new trial was not
granted in this case.  Instead, the 1992
order dismissing the indictment, setting aside the judgment, and allowing
appellant to withdraw his plea of guilty in the 1989 arrest,  states that appellant Asatisfactorily
fulfilled the conditions of probation, [f]or a period in excess of one-third of
the probationary period to which defendant was sentenced or two (2) years,
whichever is the lesser.@ 
The 1992 order confirms that probation was imposed upon appellant.  Therefore, appellant is unable to satisfy
condition (B) of article 55.01(a)(2).  See
Tex. Code Crim. Proc. Ann. art.
55.01(a)(2)(B); Berkowitz, 95 S.W.3d at 461.  








The record further reveals that appellant
did not prove compliance with the other statutory conditions of section
55.01.  Appellant presented no evidence
to show that the charges against him were dismissed because of mistake, false
information, or other similar reason indicating absence of probable cause.  Tex.
Code Crim. Proc. Ann. art. 55.01(a)(2)(A)(ii).  Appellant also did not produce evidence
showing that he had not been convicted of a felony in the five years preceding
the date of the 1989 arrest.  Tex. Code Crim. Proc. Ann. Art.
55.01(a)(2)(C).  Because appellant failed
to produce evidence showing that he met conditions (A), (B), and (C) of Texas
Code of Criminal Procedure article 55.01(a)(2), the trial court did not abuse
its discretion in denying appellant=s petition for
expunction of the 1989 arrest.  See
Texas Dept. of Public Safety v. Williams, 76 S.W.3d 647, 651 (Tex. App.CCorpus Christi
2002, no pet.); State v. Herron, 53 S.W.3d 843, 847-48 (Tex. App.CFort Worth 2001,
no pet.).

Next, we address whether the trial court=s refusal to
expunge appellant=s 1993 arrest was proper.  The only evidence in the record concerning
the 1993 arrest consists of appellant=s petition for
expunction, the criminal district court=s order dismissing
the indictment for the 1993 arrest, and docket sheets of the criminal district
court.  To prevail on the merits of his
petition, appellant was required to present evidence showing he satisfied all
of the conditions imposed by article 55.01. 
See Williams, 76 S.W.3d at 650-51.  Appellant did not produce evidence showing
that he met conditions (A), (B), and (C) of article 55.01(a)(2) with respect to
the 1993 arrest.[2]  Accordingly, the trial court did not abuse
its discretion in denying expunction of the arrest.[3]  We overrule point of error one.

Point of Error Two: Trial Court=s Setting Aside
Expunction Order

In his second point of error, appellant
contends that the trial court abused its discretion in rescinding the July 14,
2003 order of expunction. 








Under the Texas Rules of Civil Procedure,
a trial court has plenary power to grant a new trial or to vacate, modify,
correct, or reform a judgment within thirty days after the judgment is
signed.  Tex. R. Civ. P. 329b(d). 
Additionally, a trial court has authority sua sponte to set aside
a judgment within the duration of its plenary power.  Tex.
R. Civ. P. 320.  During the time
in which a court may vacate, set aside, modify, or amend its previous order,
such action, to be effective, must be memorialized by written order that is
express and specific.  McCormack v.
Guillot, 597 S.W.2d 345, 346 (Tex.1980) (citing Poston Feed Mill Co. v.
Leyva, 438 S.W.2d 366, 368 (Tex. Civ. App.CHouston [14th
Dist.] 1969, writ dism=d w.o.j.)).  A court must speak through its written
orders, and we cannot presume an intent on the part of a court to vacate, set
aside, modify, or amend an order in the absence of an express, specific, and
written order.  Id.

The trial court=s August 12, 2003
order setting aside the July 14, 2003 order of expunction consists of a
handwritten entry on the signature page of the July 14 order stating, AOrder rescinded
and Petition for Expunction reinstated. 
Signed August 12, 2003. [Judge=s signature] Judge
Presiding.@[4]  The language of the August 12 order clearly
and unequivocally expresses an intent to set aside the July 14, 2003 order and
to reinstate appellant=s petition for expunction.[5]  Accordingly, the trial court did not abuse
its discretion in setting aside the July 14 order.  We overrule appellant=s second point of
error and affirm the judgment.

 

 

/s/      John S. Anderson

Justice

 

 

Judgment
rendered and Memorandum Opinion filed October 26, 2004.

 

Panel
consists of Justices Anderson, Hudson, and Frost.











[1]  A transcription of this hearing was
not brought forward on appeal.





[2]  The appellate
record contains very little evidence of the 1989 and 1993 arrests.  A supplemental clerk=s record contains the two orders dismissing the 1989
and 1993 arrests and copies of the criminal court=s docket
sheet (two pages) for the 1993 arrest. 
One exhibit was introduced into evidence during the October 2003 hearing
(a certified copy of the 1989 judgment), but this exhibit was not included in
the appellate record.





[3]   In his reply
brief, appellant contends that the appellate court cannot presume that the
trial court found all necessary facts to support the judgment because the trial
court denied his request for findings of fact and conclusions of law.  On appeal, appellant does not complain of the
trial court=s denial of his request for findings of fact and
conclusions of law.  Therefore, error, if
any, by the trial court in denying appellant=s
request for findings of fact and conclusions of law is waived.  See Perry v. Brooks, 808 S.W.2d 227,
229-30 (Tex. App.CHouston [14th Dist.] 1991, no writ).





[4]  The August 12
order was signed during the trial court=s
plenary power, within thirty days after entry of the July 14 order.  





[5]  Appellant
contends on appeal that the August 12 order Afails to
meet the criteria of an order@ because it (1) does not contain the full names of the
parties, (2) does not identify the motion or the party who filed the motion,
(3) does not state whether a hearing was held or whether any evidence was
received at a hearing, (4) does not contain a certificate of service, and (5)
fails to state that it was signed in the interest of justice Aas a minimal requirement for the reason it was
rescinded.@  Appellant
fails to cite any authority supporting this alleged error, so this point is
waived.  See Tex. R. App. P. 38.1(h).  Furthermore, it is clear that the August 12
order unambiguously set aside the prior July 14 order of expunction, and there
is no room for interpretation.  Harper
v. Welchem, Inc., 799 S.W.2d 492, 495 (Tex. App.CHouston [14th Dist.] 1990, no writ) (AIf a judgment is unambiguous with no room for
interpretation, it is our duty to declare its effect in light of the literal
language used.@).