IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 23, 2011 Session

# BERCHIE MARIE WISER, v. RAYMOND WINFRED WISER

**Appeal from the Circuit Court for Smith County**
**No. 6754B      Hon. Clara Byrd, Judge**

**No. M2010-02222-COA-R3-CV - Filed October 7, 2011**

The husband and wife had separated, and the wife then filed for an Order of Protection against the husband, which was granted by the Trial Court. The wife then filed a Complaint for divorce, which was ultimately granted and in the final divorce decree the Trial Court incorporated the Marital Dissolution Agreement which contained a mutual restraining order which restrained the parties from coming about, harassing or threatening or assaulting each other. Subsequently, the wife filed a motion in this case to extend the Order of Protection, and after an evidentiary hearing, the Trial Court extended the Order of Protection for five years, as allowed by statute. The husband appealed, and on appeal argues that the divorce decree, voided the Order of Protection. We hold that the Trial Judge acted in accordance with the statute in extending the Order of Protection, and the divorce decree did not remove jurisdiction from the Trial Court to issue the extended Order of Protection.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, J., and JOHN W. MCCLARTY, J., joined.

Richard L. Dugger, Shelbyville, Tennessee, for the appellant, Raymond Wiser.

Jamie D. Winkler, Carthage, Tennessee, for the appellee, Berchie Marie Wiser.

## OPINION

## Background

This case originated with the filing of a Petition for Order of Protection by the wife against the husband on March 10, 2008. The Petition alleged that the parties were current spouses but were separated, and that on March 7, 2008, the wife had agreed to meet the husband for dinner but she was unable to go due to bad weather, and attempted to call the husband and left messages to let him know. She averred that the husband came to her home that evening, banged on her door, and when she went to the door he accused her of standing him up, cursed and screamed at her, and that she went outside and he struck her in the face. Her neighbor called the police, and he was arrested, and he threatened to kill her, himself, her family, and the police officers. An Order of Protection was issued that day.

Subsequently, the wife filed a Complaint for Absolute Divorce, stating that the parties had been separated since 2007, and had no children. A temporary injunction was issued which ordered the parties to refrain from threatening/harassing one another, etc.

While the divorce was pending, the wife filed a Motion to Extend the Order of Protection, stating there had been prior assaults and threats, that a divorce was pending. An extended Order of Protection issued, which extended the order of protection for one year, until May 15, 2010.

Subsequently, the parties reached an agreement and executed a Marriage Dissolution Agreement, which was incorporated into the Agreed Final Decree on September 23, 2009. The MDA contains a mutual restraining order, which states that the "parties are permanently restrained from coming about, harassing, threatening, assaulting, or abusing the other party".

Subsequently, the wife filed another Motion to Extend the Order of Protection, stating that the husband had threatened her. An Extension was granted for one year, reciting that the husband failed to appear at the hearing. The husband then filed a Motion to Set Aside Extension of Order of Protection, stating that he didn't receive proper notice.

A hearing was then held on extending the Order of Protection on September 21, 2010. At the hearing, the wife testified that the original Order of Protection was granted to her after the husband came to her house and yelled at her, threatened to kill her, and kept putting his hand in his pocket (where she feared he might have a gun). She testified that when she lived with the husband, he had numerous guns in the home. The wife testified the husband took karate and was very strong, and that he had hit her in the past, and did so again on the evening in March that precipitated the Order of Protection. She reiterated the husband had

-2-

threatened to kill members of her family, and that his threats to her and others caused her to fear for her safety. She testified that she went to counseling with the husband at the VA, and that he threatened to kill her in front of the counselor.

She said she still feared for her safety, and that the husband had sent a letter for her through her attorney in August 2009, which was while the Order of Protection was in force. The letter was in his handwriting, signed by him, and she testified that the letter stated "our lives together are over. You victimized me. You are not innocent. If you go on this way, both of us will live to regret it."

The wife testified the husband had also contacted her by having his 14 year old granddaughter call her in June 2010, and that she could hear the husband in the background telling the child what to say. She testified that she could hear the husband saying that he wanted the wife to meet him at the courthouse in Murfreesboro to pick the grandchild up, and she told the grandchild no, she was not meeting him anywhere. She testified that she was still in fear for her physical safety, and that she worried continuously that the husband would just show up at her house at any time or that she would go home and find her house destroyed.

The husband testified, and stated that he gave the letter for the wife to his attorney, and that his attorney gave it to the wife's attorney. He denied that he was present when the granddaughter called the wife to reschedule their meeting, and that he was in ill health and had been advised that he only had about two years to live. Further, he admitted that he had been in the psychiatric ward in 2008 or in 2009, and had been there since that time as well.

The Trial Court found the husband had violated the Order of Protection by having indirect contact with the wife via the letter and the call from his granddaughter, and that an extension of five years was warranted. The Court issued an Extended Order of Protection that day, which lists the letter and phone call as violations of the Order of Protection, and which lists the bases of prior physical assaults, threats, immediate history of psychiatric treatment, and threats of suicide.

The husband appealed the Trial Court's extension of the Order. The issues presented are:

1. Whether the Trial Court's approval of the mutual restraining order contained in the MDA served to vacate the previous Order of Protection, rendering the subsequent extension of the Order of Protection null and void?

2. Whether the wife should get an award of fees on appeal?

**Discussion**

The husband argues that, by entering a mutual restraining order as a part of the parties' MDA, the Court effectively vacated the previously-entered Order of Protection, because the restraining order contradicts the Order of Protection. Relying on a Texas case[1], the husband argues that when a court enters an order that contradicts an earlier order on the same subject matter, the latter order operates to implicitly vacate the earlier order. As the husband states, the order of protection and restraining order have some differences, but these differences do not establish that the restraining order vacated the Order of Protection. The restraining order is consistent in part with the Order of Protection in that it prohibits the husband from "coming about, harassing, threatening, assaulting, or abusing" the wife, and then mutually restrains the wife from doing the same to the husband. Accordingly, the two orders are not inconsistent, rather, the Order of Protection affords the wife additional protection from the husband.

Orders of Protection are governed by Tenn. Code Ann. §36-3-601 *et seq.*, which states that victims of domestic abuse (defined as those who have been abused or threatened with abuse, stalked, sexually assaulted, etc.) can seek relief by filing a petition for an Order of Protection. The statute provides that an Order of Protection can prohibit any contact between the abuser and victim, direct or indirect, prohibit stalking, set financial support, seize firearms from the respondent, direct the abuser to attend counseling, etc. Tenn. Code Ann. §36-3-606. Most importantly, the statute provides that if the respondent violates the Order of Protection, he/she can be arrested immediately, with or without a warrant. Tenn. Code Ann. §36-3-611. The respondent will typically be assessed a ten day sentence for each violation of the Order of Protection. *See Cable v. Clemmons*, 36 S.W.3d 39 (Tenn. 2001).

The statute sets forth that the legislative purpose behind Orders of Protection is to "recognize the seriousness of domestic abuse as a crime and to assure that the law provides a victim of domestic abuse with enhanced protection from domestic abuse." Tenn. Code Ann. §36-3-618. Orders of Protection provide greater protection for victims of domestic abuse than would a basic restraining order, even though both can prohibit the abusive behavior.

We have previously held that once an Ex Parte Order of Protection has been entered, the trial court, after hearing, has only two options: 1) to dissolve the OP, or 2) to extend the Order of Protection. *See* Tenn. Code Ann. §36-3-605; *Carr v. Allen*, 2011 WL 578752

---

[1] *Poston Feed Mill Co., v. Leyna*, 438 S.W.2d 366-369, (Tx. Civ.App. 1969) for the proposition that if the Trial Court enters an order that contradicts or is materially inconsistent with an earlier order dealing with the same subject matter, the latter order operates to implicitly vacate the prior order.

(Tenn. Ct. App. Feb. 16, 2011); *Merriman v. Merriman*, 2010 WL 3767116 (Tenn. Ct. App. Sep. 28, 2010). Entering a mutual restraining order is not an option for the trial court, and has been held to be reversible error. *Id*. In this record, the mutual restraining order entered in the divorce case did not and could not modify or vacate the Order of Protection, and nothing in the Divorce Decree indicates that Decree nullified the Order of Protection.

As appellee points out, the trial courts regularly issue mutual preliminary injunctions at the beginning of divorce cases, as was done in this case, which prohibit the parties from harassing or threatening one another. The Order of Protection statute provides that if a complaint for divorce is filed, the Order of Protection remains in effect until it is modified or dissolved, and a petitioner is not prohibited from requesting relief pursuant to the Order of Protection statute as part of a divorce action. Tenn. Code Ann. §36-3-603. The legislature recognized and intended that Orders of Protection can co-exist with other injunctive relief granted pursuant to a divorce.

Appellant was not able to show that the Trial Court intended nor had the power to vacate the prior Order of Protection by issuing a mutual restraining order. The same trial Judge issued both orders, and obviously was aware when issuing the mutual restraining order that an Order of Protection was in place. Moreover, she knew at the time the Order of Protection was extended that there was a mutual restraining order in the MDA, because appellant's attorney pointed out that fact.

In the subsequent hearing, the Trial Court found that the Order of Protection had been violated by the husband, and that a five year extension was warranted. The Trial Court found sufficient grounds for extending the Order of Protection, which is supported by the evidence, and we affirm the Judgment of the Trial Court.[2]

On appeal, the wife seeks an award of her fees and costs incurred in defending this appeal, pursuant to Tenn. Code Ann. §36-3-617(a)(1), which provides:

> Notwithstanding any other law to the contrary, no domestic abuse victim, stalking victim or sexual assault victim shall be required to bear the costs, including any court costs, filing fees, litigation taxes or any other costs associated with the filing, issuance, registration, service, dismissal or nonsuit, appeal or enforcement of an ex parte order of protection, order of protection, or a petition for either such order,

---

[2]We note that the appellant never raised this argument regarding "an implied vacation" of the Order of Protection at trial, but did argue that the Order of Protection should not be extended because the mutual restraining order was sufficient. As such, he could not raise it for the first time on appeal. *Fayne v. Vincent*, 301 S.W.3d 162 (Tenn. 2009).

whether issued inside or outside the state.

Since the Trial Court issued the Order of Protection, finding "abuse" as defined by the statute, and since we have upheld the issuance of said Order of Protection on appeal, the wife is entitled to an award of attorney's fees and costs incurred in defending this appeal. *See Land v. Casteel*, 2011 WL 808784 (Tenn. Ct. App. Mar. 8, 2011); *Brown v. Vaughn*, 2010 WL 3767123 (Tenn. Ct. App. Sep. 28, 2010).

We affirm the Judgment of the Trial Court and remand for the Trial Court to establish a reasonable award of attorney's fees to the wife against the appellant for fees and costs incurred on this appeal.

The cost of the appeal is assessed to Raymond Winfred Wiser.

_____
HERSCHEL PICKENS FRANKS, P.J.