

# NUMBER 13-19-00329-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

SPAN INVESTMENT GROUP LLC,                               Appellant,

## v.

CAMERON APPRAISAL DISTRICT,                               Appellee.

### On appeal from the 357th District Court
### of Cameron County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Hinojosa and Perkes**
**Memorandum Opinion by Chief Justice Contreras**

Appellant Span Investment Group LLC (Span) appeals a judgment in favor of appellee Cameron Appraisal District (the District). By four issues, Span argues that the trial court erred by ordering Span to pay $3,600 in attorney's fees as a discovery sanction and by denying a motion for continuance. We affirm.

# I. BACKGROUND

This suit arises from Span's protest of the District's appraisal of its real property for tax year 2017. After the District's Appraisal Review Board denied Span's protest, Span filed a petition for judicial review with the district court under chapter 42 of the Texas Tax Code. *See* TEX. TAX CODE ANN. § 42.21. Span argued that the property's appraised value of $1,090,387 exceeds its market value, which it contended was $950,400. The District answered the suit and requested disclosure of material specified in Texas Rule of Civil Procedure 194.2(a)–(i) within thirty days. *See* TEX. R. CIV. P. 194.2.

Trial was initially set for June 5, 2018. On June 6, 2018, the trial court signed an "Agreed Scheduling Order" resetting trial for December 3, 2018. This order also stated that Span must identify its expert witnesses on or before September 3, 2018, and that "[a]ll written discovery shall be served no later than September 12, 2018." On November 29, 2018, the District filed a "First Agreed Motion for Continuance" alleging that "[t]here has been little formal discovery to date and discovery is not complete." Subsequently, on December 21, 2018, the trial court signed an "Amended Agreed Scheduling Order" resetting trial for May 27, 2019, with Span's experts to be identified by February 25, 2019, the District's experts to be identified by March 25, 2019, and the discovery period to end on April 29, 2019.

On January 18, 2019, the District filed a "Motion to Compel" arguing that, though it propounded interrogatories and requests for production upon Span on May 15, 2018, Span had not yet provided any responses to those discovery requests. The District requested an order compelling Span to produce the requested discovery "immediately" and that "appropriate sanctions" be imposed against Span "for abuse of the discovery process." A hearing on the motion to compel was set for February 19, 2019, but the

2

hearing did not go forward.

The trial court signed an "Agreed Order on Defendant's Motion to Compel" on March 5, 2019, providing in relevant part that Span "shall serve full and complete written responses" to the District's interrogatories and requests for production "no later than February 27, 2019, including authentic copies of all requested documents within [Span]'s possession, custody or control, as they are kept in the usual course of business."[1] This order extended the District's deadline for identifying expert witnesses until April 3, 2019. Finally, this order stated:

[I]n the event [Span] fails to fully comply with this Order by February 27, 2019:

1. [The District's] deadline to identify expert witnesses and produce expert information is extended an additional day for each day thereafter until [Span] fully complies, and;

2. [Span] shall reimburse [the District] for attorney's fees and expenses incurred in seeking enforcement of this Order.

The March 5, 2019 "Agreed Order" contained the signatures of both parties' attorneys, indicating that they agreed to the "form and substance" of the order.

On March 11, 2019, the District filed a "Motion to Enforce Agreed Order on Motion to Compel" (the First Motion to Enforce), again arguing that Span had not responded to its discovery requests and that Span's "ongoing and deliberate failure to comply" demonstrates "intentional obstruction, abuse of the discovery process, and a lack of good faith in attempting to resolve this dispute." The motion requested that the court impose "additional appropriate sanctions" against Span under Texas Rule of Civil Procedure 215, "up to and including dismissal of the suit." A hearing on the motion to enforce was set for

---

[1] It is unclear why the March 5, 2019 order sets forth discovery deadlines which had already expired at the time the order was signed.

3

April 4, 2019.

On April 3, 2019, Span filed a combined response to the District's First Motion to Enforce and a motion to continue the hearing for seven days. In its response, Span alleged that it had "filed a partial non-suit in this matter regarding any and all claims under Texas Tax Code Section 42.25, and any and all claims for market or appraised value under that section."[2] Span argued that it "voluntarily dismissed" all claims "related to the documents requested" and therefore that "any discovery abuse has been rectified by the partial non-suit." In its motion for continuance, Span's counsel alleged that he "has court commitments in Dallas and Brazos [C]ounties on April 4, 2019, as well as a difficult to schedule, long-calendared, meeting with a school district tax official."

At the hearing on April 4, 2019, Span did not appear, and the District's counsel represented[3] that the District incurred $1,800 attorney's fees and costs due to Span's discovery delays in this case.[4] The trial court orally denied Span's motion for continuance but stated Span would be given "one more opportunity" to comply with the discovery requests within thirty days.

Following the hearing, the trial court signed an order purporting to deny both

---

[2] According to the record, Span's "Partial Non-Suit" was filed on April 4, 2019. It stated that it applied to "any and all claims under Texas Tax Code Section 42.24, including any and all claims regarding market or appraised value under this section, against any and all Defendants."

[3] The trial court stated: "I'm waiving the oath because you're an officer of the court." Generally, an attorney's unsworn statements may be considered evidence only if (1) the circumstances clearly indicated that counsel was tendering evidence on the record as an officer of the court, and (2) the opposing party did not object to the fact that an oath had not been administered. *See Mathis v. Lockwood*, 166 S.W.3d 743, 745 (Tex. 2005) (per curiam); *Fullenwider v. Am. Guarantee & Liab. Ins.*, 821 S.W.2d 658, 662 (Tex. App.— San Antonio 1991, writ denied). Here, Span did not have the opportunity to object because it did not appear at the hearing.

[4] The hearing was called in two separate cases against the District brought by two different plaintiffs: Span and Livermore Hotel Group, Inc. The District's counsel indicated at the hearing that both cases involved the "same issue, same facts, same fees and expenses" and "[s]ame individual." Counsel represented that the District incurred $1,800 in fees and costs as to each case. The judgments on appeal do not concern Livermore Hotel Group, Inc. and that entity is not a party to this appeal.

Span's motion for continuance and the District's motion to enforce. However, the trial court later signed another order on April 9, 2019, entitled "Order on Defendant's Motion to Enforce Order on Motion to Compel," which granted the relief requested by the District in its motion to enforce. The April 9, 2019 order stated as follows:

WHEREAS the Court finds that [Span] has failed to timely and fully comply with the Agreed Order on Motion to Compel entered on March 5, 2019; and

WHEREAS the Court finds that [Span] has unreasonably delayed and resisted discovery and abused the discovery process; and

WHEREAS the Court finds that [Span]'s non-compliance and unreasonable delay has and continues to harm [the District] and prejudice its ability to adequately defend this cause;

IT IS THEREFORE ORDERED:

(1)     As required under the Agreed Order on Motion to Compel, [Span] shall serve full and complete written responses to [the District]'s Interrogatories and Requests for Production, including authentic copies of all requested documents within [Span]'s possession, custody or control, as they are kept in the usual course of business.

(2)     The Amended Agreed Scheduling Order entered December 21, 2018 is modified to extend Defendant's deadline to identify expert witnesses and produce expert information required by Tex. R. Civ. P. Rule 194.2(c), (d), (e), (f), to a date which provides a reasonable time after receiving information from [Span] necessary for completion of its experts' analysis and reports.

(3)     The Amended Agreed Scheduling Order entered December 21, 2018 is modified to extend the End of Discovery to a date which provides a reasonable time for completion of discovery pursuant to the terms of this Order.

(4)     [Span] shall pay [the District], no later than May 4, 2019, the amount of $1800.00 as reimbursement of fees and expenses incurred in compelling [Span]'s compliance with discovery and as sanctions for abuse of the discovery process.

(5)     If [Span] fails to comply with the terms of this Order by May 4, 2019, this cause of action shall be dismissed with prejudice.

With Span still resisting discovery, the District filed a "Motion to Enforce Order on

Motion to Compel" (the Second Motion to Enforce) on May 23, 2019, arguing that Span had still not complied with the discovery requests. The Second Motion to Enforce did not request additional monetary sanctions but sought only dismissal of Span's claims with prejudice. Span then filed a non-suit of all its claims on May 24, 2019.

On May 27, 2019, the District filed a motion to sever "its claim for monetary sanctions in the amount of $1800.00 as described in the [April 9, 2019] Order." In the motion to sever, the District argued that Span's "failure to comply with the [April 9] Order has resulted in additional legal fees and other expenses incurred by [the District] in seeking its enforcement" and that "[e]vidence of such expenses will be introduced at the hearing on this matter." The District again contended that Span's conduct "clearly demonstrates intentional bad faith and abuse of the discovery process" and "warrants sanctions to the fullest extent of the Court's authority."

The trial court signed an "Order on Defendant's Motion to Enforce Order on Motion to Compel" (the Final Judgment) on May 30, 2019. In this judgment, the trial court granted the District's Second Motion to Enforce and found that, "[s]ubsequent to entry of the April 9, 2019 Order, [the District] has incurred additional fees and expenses of $1800.00 in attempting to obtain [Span]'s compliance and enforce its terms." The judgment stated that the motion was heard on May 28, 2019, that Span failed to appear, and that the District appeared and introduced evidence at that hearing. The judgment dismissed all of Span's pleaded claims with prejudice and ordered "[Span] and its attorney" to "pay sanctions in the amount of $3600.00 to [the District] no later than June 28, 2019." This appeal followed.

## II. DISCUSSION

### A.    Applicable Law and Standard of Review

Under Texas Rule of Civil Procedure 215.2(b), if a party fails to serve answers or

6

objections to duly-served interrogatories, fails to comply with an order compelling discovery, or abuses the discovery process, the trial court may sanction the party by, among other things, dismissing the cause with or without prejudice. TEX. R. CIV. P. 215.1(b)(3), 215.2(b)(5), 215.3. In lieu of such an order or in addition thereto, the trial court

> shall require the party failing to obey the order or the attorney advising him, or both, to pay, at such time as ordered by the court, the reasonable expenses, including attorney fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

TEX. R. CIV. P. 215.2(b)(8). We review a trial court's ruling on a motion for sanctions for abuse of discretion. *Cire v. Cummings*, 134 S.W.3d 835, 838 (Tex. 2004) (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241 (Tex. 1985)). A trial court abuses its discretion when it acts without reference to guiding rules or principles. *Id.* at 839.

The rules "leave the choice of sanctions to the sound discretion of the trial court," but any sanctions that are imposed must be "just." *TransAm. Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991) (orig. proceeding); *see Buck v. Estate of Buck*, 291 S.W.3d 46, 55 (Tex. App.—Corpus Christi–Edinburg 2009, no pet.). In determining whether a sanction is just, we independently review the entire record. *Am. Flood Research, Inc. v. Jones*, 192 S.W.3d 581, 583 (Tex. 2006) (per curiam); *5 Star Diamond, LLC v. Singh*, 369 S.W.3d 572, 577 (Tex. App.—Dallas 2012, no pet.). A just sanction "must be directed against the abuse and toward remedying the prejudice caused the innocent party" and must not be excessive. *Cire*, 134 S.W.3d at 839. A sanction is not excessive if it is "no more severe than necessary to satisfy its legitimate purposes." *Id.* The purposes of a discovery sanction are to (1) secure compliance with discovery rules, (2) deter other litigants from similar misconduct, (3) punish violators, and (4) rectify

7

discovery abuse by compensating the aggrieved party for expenses incurred. *Horizon Health Corp. v. Acadia Healthcare Co.*, 520 S.W.3d 848, 884 (Tex. 2017).

**B.    Analysis**

Span argues on appeal that the trial court: (1) erred by awarding attorney's fees to the District "without service of a motion requesting sanctions or notice of hearing"; (2) erred by denying Span's motion to continue the hearing on the District's motion to enforce; (3) erred by awarding attorney's fees to the District as "sanctions in conjunction with [the District's] motion to enforce"; and (4) lacked jurisdiction to award attorney's fees as sanctions in a suit brought under the tax code.

We address Span's issues in reverse order. By its fourth issue, Span claims that the tax code is a "pervasive statutory scheme," *see Jim Wells County v. El Paso Prod. Oil & Gas Co.*, 189 S.W.3d 861, 871 (Tex. App.—Houston [1st Dist.] 2006, pet. denied), and therefore, attorney's fees in a tax code case may not be awarded under Rule 215 but must instead be awarded pursuant to a specific tax code provision. Span further notes that, though the tax code provides for the award of attorney's fees to a "property owner" in certain instances, *see* TEX. TAX CODE ANN. § 42.29, it does not allow recovery of fees by an appraisal district. We reject this argument. Rule 215, like all rules of civil procedure, applies to "all actions of a civil nature, with such exceptions as may be hereinafter stated . . . ." TEX. R. CIV. P. 2. Span does not identify any exception for cases brought under the tax code, nor does it cite any authority precluding application of Rule 215 in this situation. Span's fourth issue is overruled.

By its third issue, Span contends that the trial court erred in assessing the first $1,800 in sanctions in its April 9, 2019 order because it had already denied the District's First Motion to Enforce by order dated April 4, 2019. It complains that the trial court failed

8

to explicitly vacate or set aside the first order. *See Poston Feed Mill Co. v. Leyva*, 438 S.W.2d 366, 369 (Tex. App.—Houston [14th Dist.] 1969, writ dism'd) ("Of necessity, a court must speak through its written orders. Where it has so spoken only a clear and unequivocal written order or expression by that court will vacate, set aside, modify or amend its first order. Any other rule would be the parent of uncertainty for the orders of any court."). However, as the District notes, the purported denial in the trial court's April 4 order was manifestly the result of a clerical error.[5] The trial court corrected this error by signing the April 9 order, which was fully consistent with its oral ruling at the April 4 hearing. We conclude that the April 9 order granting sanctions clearly and unequivocally vacated the earlier order purportedly denying the District's First Motion to Enforce. *See id.*

Span argues by its second issue that the trial court erred in denying its motion to continue the April 4, 2019 hearing on the District's First Motion to Enforce. When reviewing the denial of a motion for continuance, we consider whether the trial court committed a clear abuse of discretion on a case-by-case basis. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004). The record reflects that the April 4 hearing was set by order on March 22, 2019, but Span did not file its motion for continuance until the afternoon before the hearing. Though Span's counsel argued that he had commitments in other counties on April 4, Span did not explain why additional time was needed for discovery. Instead, Span stated in its motion that, "[w]hile the trial

---

[5] The trial court clearly expressed its intent at the April 4 hearing to deny Span's motion for continuance and to award $1,800 in sanctions to the District. The April 4 order, which was drafted by Span, initially stated that Span's motion for continuance was granted and the District's motion to enforce was denied. Before signing the order, the trial court struck through the motion for continuance ruling but apparently neglected to strike through the motion to enforce ruling.

date is approaching in this matter, telephone discussions with [the District's] counsel on April 2, 2019 indicated that [Span]'s partial non-suit filed on the same day made [moot] any discovery requests that remain unanswered and in dispute." In other words, at the time Span moved for continuance, it believed there was no longer a live dispute concerning discovery. Regardless of whether this belief was accurate, in light of these circumstances, we cannot conclude the trial court abused its discretion in denying Span's motion to continue the hearing on the motion to enforce.

We finally address Span's first issue. This issue appears to concern only the second award of $1,800 in sanctions, which was first made in the trial court's May 30, 2019 Final Judgment. Span argues that this second award of sanctions was error because Span had non-suited all of its claims on May 27, 2019, and the District had no affirmative claim for relief pending at the time of the non-suit. *See* TEX. R. CIV. P. 162 ("At any time before the plaintiff has introduced all of his evidence other than rebuttal evidence, the plaintiff may dismiss a case, or take a nonsuit, which shall be entered in the minutes."); *In re Greater Hous. Orthopaedic Specialists, Inc.*, 295 S.W.3d 323, 324 (Tex. 2009) (orig. proceeding) (per curiam) ("The plaintiff's right to take a nonsuit is unqualified and absolute as long as the defendant has not made a claim for affirmative relief."). We disagree.

The District's first request for sanctions came in its January 18, 2019 motion to compel. That motion was resolved by an agreed order stating that, in the event Span fails to comply with discovery requests, Span "shall reimburse [the District] for attorney's fees and expenses incurred in seeking enforcement of this Order." The District again asked for sanctions "up to and including dismissal of the suit" in its First Motion to Enforce on March 11, 2019. The First Motion to Enforce was, in turn, resolved by the trial court's April

9, 2019 order in which it assessed the first $1,800 in sanctions.

Span correctly notes that the District made no further requests for monetary sanctions between the rendition of the April 9 order and Span's May 24 non-suit. The District's May 23 Second Motion to Enforce did not request monetary sanctions but instead requested only dismissal of Span's suit with prejudice. And though the District's motion to sever requested additional monetary sanctions, that motion was not filed until after Span filed its non-suit.

However, Span's non-suit did not render moot the District's request for non-monetary sanctions. In particular, the District requested dismissal of Span's claims with prejudice, as contemplated by the rules. *See* TEX. R. CIV. P. 215.2(b)(5). Span's notice of non-suit did not specify that the claims were being dismissed with prejudice. Accordingly, the District's request for dismissal with prejudice survived the non-suit. *See In re Greater Hous. Orthopaedic Specialists, Inc.*, 295 S.W.3d at 324. And, the District's request for monetary sanctions in the motion to sever was properly considered by the court.

We overrule Span's first issue.

### III. CONCLUSION

The trial court's judgment is affirmed.

DORI CONTRERAS
Chief Justice

Delivered and filed the
22nd day of December, 2020.

11