

# NUMBER 13-19-00327-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

LIVERMORE HOTEL GROUP LLC,                                    Appellant,

v.

CAMERON APPRAISAL DISTRICT,                                   Appellee.

### On appeal from the 357th District Court
### of Cameron County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Tijerina**
**Memorandum Opinion by Justice Tijerina**

Appellant Livermore Hotel Group LLC (Livermore) appeals an order imposing $3,600 in sanctions against it in favor of appellee Cameron Appraisal District (CAD). By four issues, Livermore argues the trial court erred by: (1) granting sanctions against it without affording it any notice; (2) denying its motion for continuance; (3) granting sanctions with appellees' motion to enforce; and (4) awarding attorney's fees as

sanctions. We affirm.

## I.    BACKGROUND

On October 6, 2017, Livermore filed suit against CAD alleging CAD assessed Livermore's real property taxes excessively and unequally. CAD filed its answer and a request for disclosure. In May 2018, CAD requested additional discovery from Livermore, which CAD alleges Livermore failed to produce.

### A.    First Hearing Setting

CAD filed its first motion to compel on September 21, 2018, alleging Livermore failed to respond to CAD's discovery requests. The trial court set the motion for a hearing on October 3, 2018, but the parties agreed to postpone the hearing on the motion to compel "in order to complete discovery and continue to pursue settlement discussions." The parties entered an agreed scheduling order requesting a trial date of May 28, 2019.

### B.    Second Hearing Setting

CAD amended its motion to compel alleging Livermore had not complied with discovery. The trial court set the amended motion to compel for a hearing on February 19, 2019. The parties again agreed to postpone that hearing, and they requested an order reflecting that the parties agreed Livermore would "serve full and complete written responses to [CAD's] Interrogatories and Requests for Production no later than February 27, 2019." The order further stated that if Livermore failed to comply with the parties' agreement, it "shall reimburse [CAD] for attorney's fees and expenses incurred in seeking enforcement of this Order." The trial court signed the order on March 5, 2019.

## C. Third Hearing Setting

Thereafter, CAD filed a motion to enforce the agreed March 5 order.[1] CAD requested the trial court to order Livermore to comply with discovery, to issue sanctions against Livermore, and to award CAD attorney's fees. The trial court set a hearing on the motion to enforce for April 4.

On April 3, the day before the scheduled hearing, Livermore responded to CAD's motion and filed a motion for continuance. In its response, Livermore requested that the trial court deny CAD's motion to enforce, asserting that it had filed a partial nonsuit of its causes of action against CAD and that "any discovery abuse ha[d] been rectified by the partial nonsuit" and was no longer relevant. On April 4, Livermore filed the motion for partial nonsuit. Livermore did not appear at the hearing. The trial court denied Livermore's motion for continuance at the hearing.[2]

However, in that same order, the trial court "ORDERED, ADJUDGED, and DECREED that [CAD's] Motion to Enforce [the agreed March 5 order] is DENIED" and thereby denied CAD's request for sanctions.

## D. Superseding Order

On April 9, four days later, the trial court entered a subsequent order on CAD's

---

[1] In the motion to enforce, CAD asserted that Livermore's "ongoing and deliberate failure to comply with the discovery and the Agreed Order demonstrates intentional obstruction, abuse of the discovery process, and a lack of good faith in attempting to resolve this dispute."

[2] The hearing was called in two separate cases against CAD brought by two different plaintiffs: Livermore and Span Investment Group, LLC. CAD's counsel indicated at the hearing that both cases involved the "same issues, same facts, same fees and expenses" and "[s]ame individual." Counsel represented that CAD incurred $1,800 in fees and costs as to each case. The judgments on appeal do not concern Span Investment Group, LLC, and that entity is not a party to this appeal.

motion to enforce the agreed March 5 order. The April 9 order stated that Livermore "unreasonably delayed and resisted discovery and abused the discovery process" and "unless [Livermore] complied [with CAD's discovery request] no later than May 4, 2019[,] its cause of action would be dismissed." The trial court also ordered Livermore to pay $1,800 in sanctions for abusing the discovery process and as reimbursement of fees and expenses incurred in compelling its compliance.

### E.    Motion to Enforce

On May 23, CAD filed a motion to enforce the trial court's April 9 order, stating that Livermore did not comply and requested a dismissal of Livermore's claims with prejudice as stated in its order. In its motion, CAD stated that it would file a separate motion requesting a severance of its claim for monetary sanctions in the amount of $1,800 as set out in the trial court's order. The next day, Livermore filed a nonsuit of all its causes of action against CAD.

On May 28, CAD filed a motion to sever, and requested the following:

> In addition to the $1800.00 [Livermore] was ordered to pay by the April 5, 2019 Order, [CAD] requests additional sanctions as authorized by Rule 215.2, [TEX. R. CIV. P.] [Livermore's] failure to comply with the previous Order has resulted in additional legal fees and other expenses incurred by [CAD] in seeking its enforcement to which it is entitled to reimbursement, including preparing the Motion to Enforce, preparing this Motion to Sever, and attending the hearing. Evidence of such expenses will be introduced at the hearing on this matter . . . .[CAD] respectfully moves the court to sever and make the subject of a separate suit its claim against [Livermore] for payment of the total amount ordered by this Court upon hearing this matter, to assign such suit its own docket number in this court, and to make any other orders that the court deems fair and just.

Livermore responded that same day stating: "There has been no notice of oral hearing.

4

[Livermore] requests an oral hearing thereon with proper notice under the Rules. [CAD]'s motion was not timely in order for [sic] consideration by the Court on the current May 28, 2019 trial setting." Livermore further stated that there are no viable claims in the matter because it nonsuited all its claims against CAD.

On May 30, the trial court signed an order stating:

On May 28, 2019, came on to be heard [CAD's] Motion to Enforce Order on Motion to Compel in the above[-]described cause of action. [Livermore] did not appear despite receipt of notice . . . . Subsequent to entry of the April 9, 2019 Order, [CAD] has incurred additional fees and expenses of $ 1800.00 in attempting to obtain [Livermore's] compliance and enforce its terms . . . the failure to comply with the April 9, 2019 Order, constitutes abuse of the discovery process for which [Livermore] ha[s] failed to show good cause . . . . BE IT THEREFORE ORDERED, ADJUDGED AND DECREED that [Livermore's] claims asserted in its pleadings are dismissed with prejudice.

BE IT FURTHER ORDERED, ADJUDGED AND DECREED that [Livermore] and its attorney shall pay sanctions in the amount of $3600.00 to [CAD] no later than June 28, 2019.

This appeal followed.

## II. DISCUSSION

Livermore argues that the trial court: (1) erred by awarding attorney's fees to CAD "without service of a motion requesting sanctions or notice of hearing"; (2) erred by denying Livermore's motion to continue the hearing on CAD's motion to enforce; (3) erred by awarding attorney's fees to CAD; and (4) lacked jurisdiction to award attorney's fees as sanctions in a suit brought under the tax code.

In a previous memorandum opinion, this Court determined that these specific arguments and issues lacked merit. In that case, this Court affirmed the trial court's

identical judgment under identical facts. *See Span Inv. Grp. LLC v. Cameron Appraisal Dist.*, No. 13-19-00329-CV, 2020 WL 7549887, at *1 (Tex. App.—Corpus Christi–Edinburg Dec. 2, 2020, no pet. h.) (mem. op.). In *Span*, the appellant, Span, made the exact same arguments made by Livermore in this appeal. *See id.* [3] The facts and arguments before us in this cause are the same as they were in *Span*. *See id.* at 1-4 & n.4. Therefore, our analysis is the same.

First, in that case, we overruled Span's issue arguing the trial court lacked jurisdiction to award attorney's fees under the tax code because the tax code was a "pervasive statutory scheme," noting that Span did not "identify any exception for cases brought under the tax code, nor cite any authority precluding application of Rule 215 in th[at] case." *Id.* at *4. Here, Livermore has not identified any exception for cases brought under the tax code, and it has not cited any authority precluding application of rule 215 in this case. Consequently, as we are required to follow our own precedent, we conclude that the trial court had jurisdiction to award attorney's fees and overrule Livermore's fourth issue. See *Martinez v. Hous. McLane Co.*, 414 S.W.3d 219, 222–23 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) (observing stare decisis promotes efficiency, fairness, and legitimacy in judicial system and allows parties to justifiably rely on our past opinions, promoting predictability in law); *see also Haddad v. Marroquin*, Nos. 13-07-00014-CV, 13-07-00109-CV, 2007 WL 2429183, at *6 (Tex. App.—Corpus Christi–Edinburg Aug. 29, 2007, pet. denied) (mem. op.) (observing that "we are compelled to follow our own

---

[3] We note that the appellate briefs for Span are verbatim, identical, to the briefs in this cause.

6

precedent").

Similarly, we rejected Span's third issue arguing that the trial court erred in assessing the first $1,800 in sanctions in its April 9, 2019 order because it had already denied CAD's motion to enforce its April 4 order. *Span Investment Grp. LLC.*, 2020 WL 7549887, at *5. We concluded that "the April 9 order granting sanctions clearly and unequivocally vacated the earlier order purportedly denying [CAD's] First Motion to Enforce." *Id.* (citing *Poston Feed Mill Co. v. Leyva*, 438 S.W.2d 366, 369 (Tex. App.—Houston [14th Dist.] 1969, writ dism'd)). In this case, the trial court also assessed $1,800 in sanctions in its April 9 order, after denying CAD's motion to enforce its April 4 order. Therefore, as we articulated in *Span*, we conclude that the April 9 order granting sanctions clearly and unequivocally vacated the earlier order purportedly denying CAD's first motion to enforce. *See id.* Accordingly, we overrule Livermore's third issue.

Regarding Span's second issue, we concluded that the trial court did not abuse its discretion in denying Span's motion to continue the hearing as Span did not explain why additional time was needed for discovery. *Id.* Like Span, Livermore also stated in its motion that, "[w]hile the trial date is approaching in this matter, telephone discussions with [CAD's] counsel on April 2, 2019 indicated that [Livermore]'s partial non-suit filed on the same day made [moot] any discovery requests that remain unanswered and in dispute." Thus, Livermore has failed to explain why additional time was necessary for discovery. In *Span*, we stated that, "[r]egardless of whether this belief was accurate, in light of these circumstances, we cannot conclude the trial court abused its discretion in denying Span's

7

motion to continue the hearing on the motion to enforce." *See id.* Thus, we overrule Livermore's second issue. *Id.*

Finally, we rejected Span's argument that the award of sanctions was error because Span had non-suited all its claims on May 27, 2019, and CAD had no affirmative claim for relief pending at the time of the non-suit. *Id.* We concluded that CAD's "request for dismissal with prejudice survived the non-suit. *Id.* (citing *In re Greater Hous. Orthopedic Specialists*, 295 S.W.3d 323, 324 (Tex. 2009) (orig. proceeding) (per curiam). As a result, CAD's "request for monetary sanctions in the motion to sever was properly considered by the court in that case." *Id.* at *6. Likewise, in this case, as explained in *Span*, Livermore's request for dismissal with prejudice survived the non-suit, and CAD's request for monetary sanctions in the motion to sever was properly considered by the trial court. *See id.* We reject this argument.

To the extent Livermore argues it did not have notice that the second request for sanctions would be heard at trial, we disagree. Livermore did not appear at the May 29, 2019 trial setting, but that setting was agreed to by the parties several months earlier, and Livermore does not dispute that it was properly served with CAD's motion to sever, which contained the second request for sanctions, prior to that date. Thus, Livermore was afforded an opportunity to be heard, but chose not to avail itself of that opportunity. Under these circumstances, we conclude Livermore had reasonable notice that CAD's second sanctions request would be heard at the May 29 trial setting. *See Univ. of Tex. Med. Sch. v. Than*, 901 S.W.2d 926, 930 (Tex. 1995) (holding that a party subject to sanctions has

a constitutional right to due process, including a fair and meaningful opportunity to be heard and to present evidence); *Allied Chem. Co. v. DeHaven*, 824 S.W.2d 257, 262–63 (Tex. App.—Houston [14th Dist.] 1992, no writ) (noting that reasonable notice of a sanctions motion is dictated by the circumstances of each case). We overrule Livermore's first issue.

## III.    CONCLUSION

The trial court's judgment is affirmed.

JAIME TIJERINA
Justice

Delivered and filed on the
6th day of May, 2021.

9